JUNE TERM
1836.

Atwood
v.
Gillespie.

Action of replevin—plea, non cepit and issue, the evidence to prove *a taking* by the defs. was that the horses &c. the property mentioned in the declaration, were ranging about the farm, and that defs. exercised authority on the place, by as her agent, from

prohibiting pltf. who was an administratrix, and witness, who acted removing them. Held, sufficient prooff of *a taking*.

## ATWOOD v. GILLESPIE.

|    |       |
|----|-------|
| 4  | 423   |
| 123 | 253  |
| 4  | 423   |
| 95a | 1500 |

1. Where a judgt. is given by mistake for a sum greater than the demand, and the sum is rightly stated in any of the pleadings, the appellate court will not, on that account reverse it, but will, under the provisions of the statute of Amend. and Jeofails (Rcv. co. of '35, 468-9,) allow the pltf. on his application, to enter a remittitur as to the excess.

2. In a peti. and summons, on a promissory note, the note given in evidence varied from the one recited in the petition, by the omission of the word "pay"—Quere—whether such variance be material? At all events, the circuit court will not err, in permitting an amendment to be made on the trial.—Rev. co. of '35, p. 467.

Statement of the case.

Gillespie brought an action on petition and summons against Atwood, to recover a sum of money due by a promissory note. The statute requires the plaintiff to file his petition and to incorporate therein a copy of the note. This the plaintiff attempted to do. The defendant pleaded nil debit and payment, on the trial the plaintiff offered his note in evidence, and it appeared that in the petition, the word *pay* in the copy given was omitted. The defendant's counsel objected to the note being received in evidence for the variance. The court overruled the objection, and permitted the plaintiff to amend the copy, by inserting this word; this was done. On the trial the defendant objected to this amendment. The demand of the plaintiff is for $1013, 72, the verdict or finding of the court, is for $1013, 92, this excess is also objected to as error.

*B. Allen for pltf. in error.*

Upon this record, three questions arise. 1. Was the objection to the admission of the promisory note in evidence on the ground of varience valid? 2. If valid, was the leave to amend the copy as set out in the petition, properly granted? 3. Can a judgt. be rendered for a debt of an amount greater than that claimed in the petition and proved by the instrument sued on? In support of the affirmative of the question first stated, the pltf. in error relies on the following authorities:—3 Stark. Ev. 1557; 1 Eng. Com. Law Rep. 241 (5 Taunt. Rep. 707,) and of the negative of the question secondly stated, he relies on the following authorities:—3 Chitt. practice, 923; and of the negative of the question thirdly stated, he relies on the following authorities:—9 Petersdorff abr. p. 2.

*Darby and Hamilton for def. in error.*

The defendant in error relies upon the following points, for sustaining the judgment of the circuit court. 1. The object of the legislature in providing the remedy by petition and summons, was to simplify proceedings at law and the plaintiff in such action is requred by the statute, to set out the instrument merely in substance, this does not bind to an exact recital, and it is sufficient to prove the instrument by one which corresponds in substance—Starkie on Ev. 1 vol. 421. 2. The substance of the issue upon non-assumpsit is the promise, and the omission of the word "pay" in the copy, does not affect the substance of the promise, or the known commercial character of the instrument creating it; for it is nevertheless a promise from the makers to the payee, of so much money as is expressed on its face, at such a time and without defalcation; and the amendment therefore in no wise changes the contract, or introduces a new cause of action, but is of a matter of mere form. 3. But amendments are within the equitable powers of courts, to be granted or not, as the justice of each particular case may require; and under our statute this amendment was properly granted—R. C. 467.—See also, 1 vol. American com. law Reports, title "Amendment."

Opinion of the court delivered by McGirk Judge.

The constant practice of the court has been to reverse the judgment when it exceeds the demand in the declaration, and allow the party then to remit the excess and then to give the judgment which the court below ought to

Opinion of the court.

Where a judgt. is given by mistake.

54

425     SUPREME COURT OF MISSOURI.

JUNE TERM
1836.

Atwood
v.
Gillespie.

*for a sum greater than the demand, and the sum is rightly stated in any of the pleadings, the appellate court will not, on that account reverse it, but will, under the provisions of the statute of Amend. and Jeofails (Rev. co. of '35, 468-9,) allow the pltf. on his application, to enter a remittitur as to the excess.*

*In a peti. and summons, on a promissory note, the note given in evidence varied from the one recited in the petition, by the omission of the word "pay"—Quere—whether such variance be material? At all events, the circuit court will not err, in permitting an amendment to be made on the trial. —Rev. co. of '35, p. 467.*

have given. It is believed the revised code of 1825, did not authorise this court to allow the party to remit the excess before a reversal, so as to avoid the reversal. But the act of the 17th of March 1835—Revised code, 468-9 contain, in our opinion, a provision expressly authorising the amendment to be made, so as to save the judgment from reversal. The 7th section of the act, page 468, says, "when a verdict shall have been rendered in any cause, the judgment thereon shall not be reversed, impaired or affected, for any of the following reasons;" then many reasons are enumerated, the tenth of which is, "for any mistake in the name of any party or person, or in any sum of money &c. or in reciting or stating any day, month or year; when the correct name, sum, time or description, shall have been once rightly alleged in any of the pleadings or proceedings. In this case, the objection is, that the judgment is for twenty cents more than the demand. This is a mistake in the judgment as to a sum of money. The statute says this may be corrected if the sum is rightly stated in any other part of the pleading or proceeding in the petition, the sum is rightly stated. Then the 8th section of the act says, the omissions or imperfections, defects and variances in the preceding section enumerated and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties on the trial, shall be supplied and annexed by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error or appeal. In this case, the party has applied to this court for leave to enter a remittitur, and it has been granted, and the same has been done. There is now no error on the record as to the excess. The remaining question is, whether or not did the court err in permitting the amendment on the trial? The former statutes said amendments might be allowed at any time before a jury should be sworn; but the new statute (see revised code, 467, sect. 1,) declares that "the court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before final judgment rendered thereon." We are of opinion that this statute was well applied to this use. But it is contended by the counsel for the plaintiff in error, that the court erred because the amendment was not made on terms. It is true no terms were imposed on the party, amending.—

# THIRD JUDICIAL DISTRICT. 426

The statute says the amendment shall be made on such terms as shall be just. The party against whom the amendment was made, claimed no terms: if he claimed none, we must suppose he wanted none. What terms could have been imposed with any sort of justice? Except the costs of the amendment, what they amounted to would be a small sum, the cost of inserting in the copy could not be worth talking a moment about—could or ought the court to have imposed a continuance on the plaintiff in the court below? we think not. The amendment in this case did not impose on the defendant any new duty or hazard; and indeed, we almost believe the case was good without any amendment whatever, unless the amendment had made it necessary for the defendant to look out for a new defence, no other terms than costs ought to have been imposed on the plaintiff. The pleas were nil debit and payment. After the amendment, the same evidence that would have been good before the amendment would still be good, so that upon the whole matter, our opinion is, that the judgment be affirmed with costs.