## REASONER vs. BROWN.

Where the evidence clearly shows that the damages assessed by the jury are excessive, this Court will set aside the verdict and reverse the judgment, or allow the party to remit the excess.

It is within the discretion of the Circuit Court to give *general* instructions, at the request of parties; but if the Court refuse to instruct generally, it is no cause for a new trial.

*Appeal from the Circuit Court of Yell County.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WALKER & GREEN, for the appellant.

Mr. Justice HANLY delivered the opinion of the Court.

Brown sued Reasoner before a Justice of the Peace of Yell county, on an open account, for $68 75, being the charge for clearing eleven acres of land at $6 25 per acre.

There was a trial before the Justice and a jury, and a verdict rendered in favor of Brown for the full amount of his account,

and Reasoner appealed from the judgment pronounced on this verdict to the Circuit Court.

There was a trial in the Circuit Court of Yell county before a jury, and a verdict rendered in favor of the appellee, Brown, for the sum of thirty-six dollars.

The appellant, Reasoner, filed his motion for a new trial on the following grounds:

1. The verdict is contrary to law and evidence.

2. The verdict is contrary to the evidence.

3. Because the damages are excessive.

4. Because the Court refused to charge the jury generally as to the law when requested so to do by the appellant.

The Court considered the motion for a new trial and overruled it, for which the appellant excepted, setting out in his bill of exceptions the fact, that he had asked the Court to charge the jury generally as to the law of this case, and the refusal of the Court so to do, and also the evidence adduced at the trial. Reasoner appealed.

1. The *first*, *second* and *third* grounds assigned for a new trial may be considered together, or in connection. Let us examine the testimony adduced at the trial in the Court below, with the view of determining whether there was a total want of evidence to sustain the verdict, or whether it is really excessive. It appears from the bill of exceptions that the following facts were deposed to. The first witness stated, that in the summer of 1853, he saw Brown clearing land on the farm of appellant; that he told witness he was to clear a certain piece of land described to witness, ready for the plow, at five dollars per acre. Witness further stated that Brown did not clear the land ready for the plow, but cut down the timber on a portion of the land —did not know how much, nor the value of that really cut down, but witness would not cut down the timber, as Brown did on appellant's land, for less than $5 per acre; and that was about the value of the work, as Brown performed it. The second witness stated that he saw Brown clearing land on appellant's farm—that he cut down the timber on about four acres—

that the work was worth $5 per acre.   Brown then introduced appellant as a witness who stated that in the summer of 1853, he employed Brown to clear up a piece of land for him, which contained about nine acres—that by special contract Brown was to clear this land, ready for the plow, by the spring of 1854, for $5,00 per acre—that he cut down some of the timber on the land, but quit and abandoned the work before he had completed it—that in consequence of his failure to complete his contract the appellant did not get the land in condition to plant in time for the season of 1854—that Brown cut the timber off about five acres, which was not worth more than $3 per acre, and that he deadened the timber on about four acres more, which was not worth more than $1 per acre.   This was all the evidence.

From this testimony it is manifest the jury found for more than they were warranted.   No witness swore that Brown cleared more than five acres of land, and none stated the value of the clearing to be over $5 per acre.   The appellant himself was the only one who testified as to the deadening or its value. He stated that four acres had been deadened, and that it was worth not exceeding $1 per acre.   Thus we have, giving the utmost credit to all the witnesses and the greatest weight to their testimony, the value of the work performed by Brown, to be $29 instead of $36, as found by the jury, constituting the verdict to be excessive to the amount of $7, for which there was not a scintilla of testimony.

2. As to the fourth ground assigned for a new trial—Was the Court bound to charge the jury, generally, as to the law applicable to this case, at the request of the appellant?   And did it err in declining to do so?   It is clearly the practice of the Courts throughout the State, as far as we have observed, whenever requested by the parties to a suit, to give or refuse special instructions as to the law applicable to cases before them, and we presume it is the duty of Courts to do so.   But we have never known of any practice which would impose on Courts the duty to give general instructions, or to state the law applying

generally to particular cases. If it is ever done, it is a matter of discretion or gratuity on the part of Courts, over which this Court has no concern. So far as its exercise may be involved Circuit Courts may or may not do so at their pleasure. If they should choose to do so, however, and mis-state the law in a material point, to the prejudice of a party to the suit, their conduct would in that event become the subject of review in this Court, as in case of any other misdirection of a jury. The Court below did not err therefore in overruling the motion for a new trial on this ground.

Having held the verdict of the jury and the judgment of the Court excessive to the amount of $7, the verdict will be set aside, the judgment reversed and a new trial awarded to the appellant, unless the appellee or some person for him will enter a remittitur for that excess.