HILL *v.* NEWMAN.

NEW TRIAL.—*Motion.*—*Record.*—A motion for a new trial constitutes a part of the record without being made such by a bill of exceptions, and when it is copied into the transcript it is not necessary to copy it again in the bill of exceptions.

ADMISSIONS.—*Evidence.*—*Instruction to Jury.*—An instruction to a jury embodying the observations in section 200, Greenleaf's Evidence, on the uncertain character of verbal admissions, declaring that "all verbal admissions ought to be received with great caution," etc., was erroneous, which omitted the following portion of said section: "But where the admission is deliberately made and precisely identified, the evidence it affords is often of the most satisfactory nature."

INSTRUCTIONS TO JURY.—A judgment will be reversed where instructions given are inapplicable to the case proved, and are calculated to mislead the jury.

NEW TRIAL.—*Remittitur.*—After a motion for a new trial has been granted on the ground of excessive damages, it is too late to avoid the objection by remitting the excess. The proper practice in such cases discussed.

SAME.—*Excessive Damages.*—That the damages found by the jury are excessive, is a good cause for a new trial in actions founded on contract, as well as in tort.

From the Dearborn Circuit Court.

*J. K. Thompson* and *J. D. Haynes*, for appellant.

*J. Schwartz*, for appellee.

BUSKIRK, J.—This was an action by the appellee against the appellant, to recover a sum which was alleged to have been found due upon an accounting and final settlement.

The complaint was in two paragraphs. In the first, it is alleged, that there was a settlement between the parties on the 29th day of March, 1869, when it was found that the appellant was indebted to the appellee in the sum of eight hundred and thirty-nine dollars and thirty-three cents, which remains wholly unpaid.

The second paragraph alleges, that on the 29th day of March, 1869, an accounting was had and a settlement was made between the parties in reference to certain partnership matters in the buying and selling of cattle, in which one William F. Bailey was interested, and which resulted in a dissolution of the parthership ; and upon said accounting it was found there was due and owing from the appellant to the appellee the sum of eight hundred and thirty-nine dollars and thirty-three cents, which remained due and wholly unpaid.

The appellant answered in four paragraphs, but the second was abandoned in the court below.

The first was the general denial.

The third was a set-off for one thousand dollars loaned the appellee by the appellant, for four hundred and fifty-nine dollars found to be due the appellant upon settlement, and for four hundred and forty-seven dollars erroneously allowed as interest upon a settlement.

The fourth was in the nature of a counter-claim, and alleged that appellant, appellee, and one Wm. F. Bailey were partners in .buying, feeding, and selling cattle; that during such partnership the appellant loaned to the appellee, of his own private funds, the sum of one thousand dollars, which was used by the appellee in the purchase of cattle; that in the said accounting and settlement set up in the complaint, the appellee received a credit for the cattle purchased with the said thousand dollars, as though it had been partnership funds, but that in making said settlement, by mistake and inadvertence, the said sum was not taken into consideration, and the appellant received no credit therefor; and that the same, with interest thereon from the 4th day of December, 1868, was due and unpaid, for which he asked a judgment.

There was a reply in three paragraphs:

1. The general denial.

2. That there had been a full and complete settlement of all the matters set up in the answer.

3. A set-off to the set-off.

The cause was tried by a jury, and resulted in a finding for the appellee. A motion for a new trial was made, and overruled.

The only valid assignment of error is based upon the action of the court in overruling the motion for a new trial, the others being the reasons for a new trial.

Counsel for appellee insists that the motion for a new trial is not properly in the record. We think otherwise. The motion is copied into the transcript in the order in which it occurs in the record. It is not copied into the bill of exceptions, but a reference is made to the page of the transcript where it will be found. A motion for a new trial constitutes a part of the record, without being made such by a bill of exceptions; and when it is copied into the transcript it is not necessary to copy it again in the bill of exceptions. *Kesler* v. *Myers*, 41 Ind. 543, and authorities cited.

The first reason insisted upon here for a new trial is the giving of improper and erroneous instructions at the request

of the appellee.   The court, at the request of counsel for appellee, gave to the jury six instructions, to the giving of each of which the appellant excepted.

A summary of the material facts in the case will aid in determining whether the court erred in giving or refusing to give the instructions complained of.

The appellant, appellee, and William F. Bailey were partners in buying, feeding, and selling cattle.   On the 29th day of March, 1869, Bailey purchased of the appellee his interest in the firm, and agreed to pay him therefor the sum of fourteen hundred and seventy-nine dollars and thirty-three cents, and to assume the liabilities of the firm.   It was agreed that Bailey was to pay to the appellant whatever sum should be found due him from the appellee, upon a settlement of their affairs.   The balance he was to pay at such time as the appellee might require, but he desired the appellee to wait until June, when it was supposed the stock on hands would be sold.   On the same day, the appellant and appellee had an accounting, when, as both swear, they agreed that appellee was indebted to appellant in the sum of six hundred and forty dollars, growing out of their partnership business for 1867, which was to be deducted from the said sum of fourteen hundred and seventy-nine dollars and thirty-three cents. This left eight hundred and thirty-nine dollars and thirty-three cents.   Bailey, in a few days afterward, paid appellee three hundred dollars, which left five hundred and thirty-nine dollars and thirty-three cents.   The appellee swore upon the trial that he and appellant made a full and final settlement; but the appellant swore that they only settled their business of 1867.   There does not seem to have been anything else for them to settle, for all three of the partners were present when Bailey purchased of appellee, and they all agreed that the interest of appellee in the firm was worth fourteen hundred and seventy-nine dollars and thirty-three cents. Bailey alone made the purchase, and he alone agreed to pay appellee.  On the same day that Bailey bought out appellee, he agreed to let appellant share with him in the pur-

chase, and appellant was to pay Bailey one-half the purchase-money.

There are some circumstances which indicate a secret understanding between appellant and Bailey, before the purchase of the interest of appellee. In June, 1869, the parties to this action and Bailey met at Aurora, Indiana, and overhauled their former settlement; but the figures made at Cincinnati, in their settlement on the 29th of March, 1869, were not changed, but it was then agreed that such settlement was correct, upon the basis upon which it had been made. At that time the appellant claimed that he had advanced to the appellee, on the 4th day of December, 1868, the sum of one thousand dollars, of his private funds, and that such sum had not been taken into consideration in the settlement of their partnership affairs, or of the private affairs of the appellant and appellee. The parties did not agree as to the item of one thousand dollars. Bailey desired to pay the balance due the appellee upon his purchase of his interest in the firm. The appellant objected to its being paid to the appellee. It was then agreed that he should pay it to the appellant, who should hold it subject to a future settlement between appellant and appellee, in reference to the said sum of one thousand dollars. The parties were unable to agree in reference thereto, and this action was brought to determine the rights of the parties.

There have been two trials of this cause. The first was had at the March term, 1870, and resulted in a verdict in favor of the appellee for the sum of five hundred and forty dollars; but the court, upon the application of the appellant, granted a new trial.

The case was again tried at the March term, 1871, and resulted in a verdict and judgment in favor of the appellee, in the sum of five hundred and ninety-five dollars and ninety-five cents.

In both trials there was, in reality, but one disputed and controverted question of fact, and that was, whether the appellant had advanced to the appellee the said sum of one

thousand dollars. Other matters were testified about, but there was no real disagreement upon any other material point. While the appellant denied that he and the appellee had made a full and final settlement, he did not controvert the correctness of the result, as stated by appellee, on the theory that he had not advanced to him the said sum of one thousand dollars.

Bailey testifies, that when they met in Aurora, in June, 1869, they again went over their partnership affairs, but did not change the figures made at Cincinnati in the March previous. The only thing that prevented a final adjustment at Aurora was the controversy about the thousand dollars.

Counsel for appellant, in their brief, abandon their objection to the first instruction given by the court.

We will consider the second and third together, as they relate to the same subject. The one was intended to apply to the first, and the other to the second paragraph of the complaint. They are as follows :

" No. 2. And if the jury believe from the evidence, that Mr. Bailey and the defendant were in partnership in the purchase of the interest of the plaintiff, although the act or words in reference to it may have been done or spoken by Mr. Bailey alone, if it was done on behalf of, or for the interest of both the defendant and Mr. Bailey, the defendant would be liable to the plaintiff in this action, although Mr. Bailey is not a party to this suit, if the jury further find that a settlement of accounts was made between them substantially as by the plaintiff in his complaint alleged. .

" No. 3. And if the jury believe from the evidence, that the purchase of the plaintiff's interest in the partnership business was made by Mr. Bailey alone, and on his own sole account, and the defendant was to be credited with the price, and in consideration thereof the defendant agreed with the plaintiff to assume and pay such price, or the balance due after deduction therefrom what was owing and due from the plaintiff to the defendant, the defendant would be liable to the plaintiff in this action for the amount of such balance, if the

jury further find that a settlement was made, and a balance agreed upon between them, substantially as alleged by the plaintiff in his complaint."

It is very obvious, that the foregoing instructions were not applicable to the facts of the case, as shown upon the trial. In the first paragraph of the complaint, a recovery was sought upon a balance found due the appellee, upon a settlement of the private dealings between appellant and appellee. The evidence shows, that when the settlement was made the appellee was indebted to the appellant in the sum of six hundred and forty dollars, instead of the appellant being indebted to the appellee in the sum of eight hundred and thirty-nine dollars and thirty-three cents, as averred in the first paragraph of the complaint. So there can be no recovery on the first paragraph of the complaint, upon the facts proved.

In the second paragraph of the complaint, a judgment was demanded upon the ground that the appellant and appellee had had an accounting and settlement in reference to certain partnership matters, in which one William F. Bailey was interested, and that upon such settlement it was found that the appellant was indebted to the appellee in the sum of eight hundred and thirty-nine dollars and thirty-three cents, which sum the said defendant then promised and agreed to pay.

The case made by the evidence is, that Bailey purchased the interest of the appellee, and that to ascertain the value of such interest the three partners had an accounting, when the amount was agreed upon, which sum Bailey agreed to pay to the appellee in the manner before stated. The fact that the appellant, subsequent to the sale to Bailey, became a partner with Bailey in the interest so purchased, created no liability against appellant in favor of the appellee. There was no promise on the part of the appellant, separately or jointly with Bailey, to pay said sum to the appellee. When the parties met at Aurora, in June, 1869, Bailey alone was

liable to the appellee. Then, for the first time, the appellant claimed that a mistake had been made in the settlement between the three partners, in reference to the said sum of one thousand dollars. It is shown by the evidence of the appellant, the appellee, Bailey, and Dr. Bond, that Bailey paid the balance due the appellee to the appellant, upon the understanding that appellant and appellee were to make a settlement in reference to the said sum of one thousand dollars. By this arrangement Bailey was discharged from his liability to the appellee, and by such arrangement the appellant held the money so received from Bailey in trust for the appellee. The right to such money depended solely upon the questions of whether the appellant had advanced to the appellee the said sum of one thousand dollars, and whether such money had been taken into consideration in the accounting between the three partners, in their attempt to ascertain the value of the interest of the appellee in the said firm. In this view of the case, it is plain and obvious, that the above instructions were inapplicable to the case, and were calculated to mislead the jury.

The fourth instruction related to the presumption which resulted from a settlement, and what was meant by a preponderance of the evidence; and the fifth stated the rules by which the jury should be governed in determining the weight which should be given to the testimony of the several witnesses, and they were, in our opinion, substantially correct. We do not think that any useful purpose would be accomplished by reproducing them in this opinion.

The sixth instruction was as follows: "There being evidence in relation to verbal admissions made by the parties at divers times and places, it is to be observed, that all verbal admissions ought to be received with great caution. The evidence, consisting as it does in the mere repetition of oral statements, is subject to much imperfection and mistake; the party himself, either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness by

unintentionally altering a few of the expressions really used, gives an effect to a statement completely at variance with what the party actually did say."

The above instruction, with the exception of the prefatory remarks of the court in reference to the evidence in this cause, was copied from section 290 of 1 Greenleaf's Evidence. There is, however, an important omission, which contains a material modification of the doctrine as above stated. The learned author proceeds to add : " But where the admission is deliberately made and precisely identified, the evidence it affords is often of the most satisfactory nature ;" and in support of that proposition reference is made in note 1, on page 282, 11th ed., to *Rigg* v. *Curgenven*, 2 Wils. 395, 399; Glassford Ev. 326; *Commonwealth* v. *Knapp*, 9 Pick. 507.

We think the court should also have given the above modification, or qualification. This was necessary to a full understanding of the law as applicable to the facts of the case.

The instruction was correct, when applied to loose and unguarded admissions, not precisely proved; but the court charged the jury, that " all verbal admissions" ought to be received with great caution. Having used the words " all verbal admissions," the court should have charged the jury as to the weight which should be given to admissions deliberately made and accurately proved. The court should have told the jury what was the effect of admissions deliberately made and precisely identified. If this had been done, and the jury had found that any admissions had been deliberately made and accurately proved, they would have been in a condition to have given to such admissions the weight and importance they were justly entitled to. In our opinion, the instruction as given was calculated to mislead the jury. 3 Graham & Waterman New Trials, 705, *et seq.*

In the view which we have taken of this case, we do not deem it necessary to consider whether the court erred in refusing to give the seventh, eighth, and ninth instructions asked by the appellant.

For error of the court in giving the second, third, and sixth instructions, the judgment should be reversed, unless we should find that the appellee was entitled to judgment on the first trial, and this leads to an examination of the cross error assigned by the appellee.

The cross error assigned is based upon the action of the court in granting to the appellant a new trial, on the first trial of this cause, over the offer of the appellee to remit so much of the verdict as the court regarded as excessive. The question is presented by a bill of exceptions, which was filed at the time. The bill contains the evidence which was given upon the trial, the verdict of the jury, and the motion for a new trial, and then proceeds as follows:

" And thereupon the defendant moved the court for a new trial, and on the ——— judicial day of said term of court filed his reasons in writing therefor, and also the affidavit of himself and of William J. Gray, in support of such motion.

" And afterward, on the ——— judicial day of said term of said court, the court being sufficiently advised of the premises sustained the said motion for a new trial, at the costs of the defendant, solely on the ground because the damages are excessive by the sum of one hundred dollars and sixty-seven cents, and on no other ground; whereupon the plaintiff offered to remit of the verdict the sum of one hundred dollars and sixty-seven cents, but the court refused to allow this to be done, and granted a new trial to the defendant herein, at his own costs; to which opinion and decision of the court in sustaining said motion, and not allowing a *remittitur* of one hundred dollars and sixty-seven cents, the plaintiff at the time excepted," etc.

Two points are relied upon by counsel for appellee:

1. That under the motion for a new trial the court possessed no power to grant a new trial on the ground of excessive damages. The reasons were:

First. The verdict was contrary to law.

Second. The verdict was not sustained by sufficient evidence.

Third. The damages are excessive.

Fourth. Surprise by the testimony of the plaintiff.

The point made is, that the third reason for a new trial, being the fourth subdivision of section 352 of the code, 2 G. & H. 211, relates solely and exclusively to actions sounding in tort; and that the fifth subdivision of said section relates to actions on contract, and the injury and detention of property; and this being an action on contract, the reason assigned did not raise any question as to the amount of the damages.

2. That, as the new trial was granted solely upon the ground that the damages were excessive, and as the appellee offered to remit the excessive damages, the court was bound to permit the *remittitur* to be entered, and that the court possessed no power after such offer to grant a new trial for said cause.

Counsel for appellant insist:

1. That it was a matter of discretion with the court to grant or refuse the entering of the *remittitur*.

2. That the appellant was entitled to the ruling of the court upon all the reasons for a new trial, to the end that he might have excepted to the ruling of the court upon the other grounds, and that the court cannot by signing a bill of exceptions specify upon what ground he granted the new trial, and thus deprive the appellant of the benefit of an exception as to the other grounds for a new trial.

3. That the offer to remit being made after the court had granted the new trial, it came too late.

Having arrived at the conclusion that the offer to remit was made too late, we express no opinion upon the other questions made and discussed.

As we have seen, several reasons were assigned for a new trial, and among them was one, that the damages were excessive. If counsel for appellee was satisfied that the damages were excessive, he should have offered to remit such sum as he deemed excessive before the court had announced its ruling on the motion for a new trial, and this would have

left for the decision of the court, whether there was any other valid cause for a new trial; and if the court found there was not, the appellant could have taken an exception to such ruling; but, instead, counsel waited until the court had granted the new trial, and then offered to make the *remittitur.* It is true, the bill of exceptions shows that the court granted the new trial solely upon the ground that the damages were excessive, but such a practice might result in injury to the other party, as he was entitled to a ruling upon all of the reasons assigned, and to an exception to the rulings that were adverse to him.

Where a new trial is asked upon the ground that the damages are excessive, and the court should be of opinion that a new trial should be granted for that cause, it should so announce to the parties; and should say to the party in whose favor the finding or verdict was, that unless a sum, to be named, was remitted, a new trial would be granted, but if such sum was remitted the motion would be overruled. This would be fair to both parties, and would give to the party resisting the motion for a new trial the option to remit or suffer a new trial. Remittiturs save expense and delay, and every reasonable opportunity should be given to parties to end litigation by means thereof.

We have made a pretty careful examination of the text books and adjudged cases bearing upon the subject of remitting excessive damages, and we cite them, although some of them do not have a direct bearing upon the question involved in the present case. See 2 Tidd Pr. 896; 3 Estee Pl. & Pr. 760, *et seq.;* 3 Graham & Waterman New Trials, 1162 to 1165; Hilliard New Trials, 152, 576; *Young* v. *Englehard*, 1 How. Miss. 19; *Hurd* v. *Germany*, 7 How. Miss. 675; *Anderson* v. *Tarpley*, 6 Smedes & M. 507; *Smith* v. *Paul*, 8 Port. 503; *Reasoner* v. *Brown*, 19 Ark. 234; *Evertson* v. *Sawyer*, 2 Wend. 507; *Hurry* v. *Watson*, 4 T. R. 659; *Leeson* v. *Smith*, 4 Nevile & Manning, 304; *Branch* v. *Bass*, 5 Sneed, 366; *Diblin* v. *Murphy*, 3 Sandf. 19; *King* v. *Howard*, 1 Cush. 137; *Ridgeway* v. *Marshall*, 5

How. Miss. 286; *Guerry* v. *Kerton*, 2 Rich. 507; *Howard* v. *Grover*, 28 Me. 97.; *Pontius* v. *Commonwealth*, 4 Watts & S. 52; *Spackman* v. *Byers*, 6 Serg. & Rawle, 385; *Furry* v. *Stone*, 1 Yeates, 186; *Atwood* v. *Gillespie*, 4 Mo. 423; *Sanborn* v. *Emerson*, 12 N. H. 57; *Theavenought* v. *Hardeman*, 4 Yerg. 565; *Hodges* v. *Hodges*, 5 Met. 205.

In our opinion, the court, under the facts and circumstances of the present case, committed no error in granting the first new trial, and in overruling the offer of the appellee to enter a *remittitur*.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.