Davis v. Hardy.

---

No. 8006.

DAVIS v. HARDY.

VENDOR AND PURCHASER.—*Mortgage.—Novation.—Pleading.*—A complaint by H., showing a note and duly recorded mortgage, made by J. to D., endorsed by D. to F., and by F. to H., a conveyance of the premises by J. to E., who agreed with J. to assume and pay the mortgage debt, the debt due, and the appellant holding a junior lien,

*Held,* that H.'s acceptance of E.'s promise did not constitute a novation, and therefore did not discharge the mortgage debt, nor J.'s personal liability. To constitute a novation, there must be the consent of all concerned to the creation of a new obligation in extinguishment of the original one.

PARTIES.—*Practice.—Dismissal.*—A mortgagor who has conveyed his equity of redemption is not a necessary party to a suit to foreclose, and may, therefore, be dismissed from the case at any stage.

NEW TRIAL.—*Showing.— Time.*—An application for a new trial, because of the refusal of the court to give the party time to prepare a showing in reference to any matter, should be supported by proof that a good showing, by affidavit or otherwise, could have been made.

INSTRUCTIONS.—*Extracts from Books and Opinions.*—Section 200, 1 Greenl. Ev., does not constitute a proper instruction. An instruction upon one of several issues or hypotheses in a case should not conclude by directing a verdict according to the finding upon that issue; but the error will

Davis v. Hardy.

be deemed harmless if, in other instructions, all the issues are properly explained and submitted to the jury. As a rule, the mere failure of the court to instruct upon a point or hypothesis is not available error. It is not error to omit or refuse to instruct in reference to an hypothesis which is not supported by any evidence.

PAYMENT.—*Assignment.*—*Fraud.*—*Good Faith.*—If F. was insisting on payment of the mortgage debt, and E., in order to pay him, obtained the money of H., upon the understanding that E. should pay F. and procure him to assign the note and mortgage to H. as a security for the sum so advanced by H., and the payment and assignments were made accordingly, in good faith, the note and mortgage were not thereby extinguished as against a junior mortgagor. The manifest intention to keep the securities alive must prevail over the words and formalities used in the transaction.

EVIDENCE.—*Witness.*—*Declarations.*—The declarations of a witness, not a party, though admissible to discredit his testimony, can not be regarded as otherwise affecting any issue in the case.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*F. M. Householder, D. Moss* and *R. R. Stephenson,* for appellee.

WOODS, J.—The appellee obtained against the appellant and others a decree of foreclosure of a mortgage upon real estate. The errors assigned are, the overruling of the appellant's motion for a new trial, and that the complaint does not state facts sufficient to·constitute a cause of action against the appellant.

The complaint shows the execution of the note and mortgage by Joel C. Jackson, payable to the order of N. F. Dunn; endorsements by Dunn to Daniel Fisher, and by Fisher to the appellee; the conveyance of the mortgaged land by Jackson and wife to Ransom Edwards, who, in part payment for the land, assumed, and agreed with Jackson, to pay the mortgage debt; that the mortgage was duly recorded, and that the appellant had an interest in the land as assignee and holder of a junior mortgage. Copies of the note and mortgage sued on, and of the alleged assignments thereof, are made part of the complaint.

The objections made to the complaint are :

"*First*. It does not show any novation of parties; there is no averment that the holder of the note was any party to such alleged contract of novation.

"*Second*. If there was a novation, then Jackson and wife were released from all liability, and, as a consequence, the lien of the mortgage was discharged. No one save Edwards, who, it is alleged, assumed the payment of the note, was liable. He was not liable on the note and mortgage, but on his promise to pay the debt. But this promise would not constitute a lien on the land as against the appellant."

The first of these objections is a good answer to the second, but is itself no objection to the complaint. The alleged assumption, it is true, is not a novation, and the holder of the note was not a party to the contract; but the cases are numerous wherein the payee or assignee and holder of a mortgage debt has been allowed to avail himself of such contracts of assumption, and at the same time to enforce the original contract and mortgage. See the following cases : *McDill* v. *Gunn*, 43 Ind. 315 ; *Price* v. *Pollock*, 47 Ind. 362 ; *Josselyn* v. *Edwards*, 57 Ind. 212 ; *Campbell* v. *Patterson*, 58 Ind. 66 ; *Hoffman* v. *Risk*, 58 Ind. 113 ; *Merrick* v. *Leslie*, 62 Ind. 459 ; *Scarry* v. *Eldridge*, 63 Ind. 44 ; *Smith* v. *Ostermeyer*, 68 Ind. 432 ; *Risk* v. *Hoffman*, 69 Ind. 137 ; *Logan* v. *Smith*, 70 Ind. 597.

The acceptance of the contract of assumption does not of itself constitute a novation, nor discharge the original debtor from personal liability. In order to have that effect, there must have been not only an agreement of all the parties to the new contract, but an extinguishment of the old contract. *McDill* v. *Gunn*, *supra; Clark* v. *Billings*, 59 Ind. 508 ; *The Bristol Milling*, etc., *Co.* v. *Probasco*, 64 Ind. 406 ; *Jeffries* v. *Lamb*, 73 Ind. 202.

The extinguishment of the original obligation is not to be

inferred from the execution and acceptance of the new obligation alone.   Cases, *supra*.

Just before the jury was sworn to try the cause, the court permitted the appellee to dismiss the action as to Jackson, the mortgagor, and his wife, overruled the appellant's motion for leave to file an additional plea, and refused to allow time to the appellant to prepare a showing in support of her motion for leave to file such plea.   A new trial is claimed on account of these rulings, but it is not shown that any error was committed in these respects.

The mortgagor who has sold and conveyed away his equity of redemption is not a necessary party to the foreclosure of the mortgage.   *Burkham* v. *Beaver*, 17 Ind. 367; *Stevens* v. *Campbell*, 21 Ind. 471.

Whether Edwards, who was charged with having made an agreement with Jackson to assume and pay Jackson's debt, was entitled to insist on Jackson being made, or remaining, a party to the suit, we need not consider.   The appellant plainly has no interest in that question, and is entitled to be heard upon such matters only as might have affected her interest.   *Tinkler* v. *Swaynie*, 71 Ind. 562.   The dismissal of the Jacksons from the case in no manner affected the issues in which the appellant was interested, and there was no offer made to file a plea which would have admitted proofs not admissible under the pleadings as they were, and no showing is made that such plea could have been prepared, if time had been given therefor.   It can not be said that the court erred in refusing time to make a showing, unless the complaining party shall support his motion for a new trial with proof, by affidavit or otherwise, that, if allowed time, he could have made a good showing in support of his motion. Any other rule of practice would put the trial courts at the mercy of parties willing to use unscrupulous means for the purpose of obtaining delays.   It would only be necessary to move for leave to do something, and ask time to make a

showing in support of the motion, and, if the court refused time to make the showing, appeal the case and obtain a reversal, without proof that a showing could have been made.

The appellant objected to the admission of the note and mortgage in evidence, because not the foundation of the action, and not signed by any party to the suit, and because if, under the issues, the appellant had any case, it was against Edwards upon his personal promise to pay the debt. These objections are answered by what has been already said concerning the complaint.

The giving of instructions is also made a cause in support of the motion for a new trial. The appellant's answer to the complaint consisted of a general denial, pleas of payment, no consideration for the assignment of the note and mortgage to the plaintiff (not demurred to), and a fourth plea to the effect that, after assuming the mortgage debt, Edwards paid it off with his own money, and, for the purpose of defrauding his creditors, procured the assignment of the note and mortgage by the holder, Fisher, to the appellee, under an agreement that the appellee should hold them for Edwards' benefit. The plaintiff replied by a denial. The evidence, which is in the record, shows that the entire contest was over the issue made upon the last answer, and the instructions given relate, in the main, to that issue. The second, which is objected to, was to the effect that if Edwards, as a part of the consideration of his purchase, assumed the payment of the note sued on, this would operate as a release of the personal liability of Jackson, the mortgagor, but not as a discharge of the mortgage, and the finding should be for the plaintiff.

Counsel say, that, "Under this instruction, the jury were bound to find for the plaintiff, when they found that Edwards had assumed the payment of the debt, regardless of every other question." Standing alone, the instruction is subject to this criticism, and it is a mistake into which many of the

courts seem prone to fall. They prepare an instruction upon a particular question or issue, and wind up by saying that, if the jury shall find as supposed, their verdict should be for the one or the other party, as the case may be, when all that ought to be said, if anything more than to state the legal conclusion upon the hypothesis, is, that upon that point or issue the finding should be for such party. In this case, however, the appellant's theory of the case was plainly stated to the jury, and it is clear that the jury was not misled by the instruction.

By the fourth instruction the jury was told, that, "If the plaintiff acted in good faith, and invested his money in the mortgage sued on merely as a safe investment, then you should find for him." Counsel say that this "assumes that Hardy *did* invest his money in the note in good faith, but left it to the jury to determine whether it was done 'merely as a safe investment.'" We are not able to perceive that anything was assumed. The instruction was more favorable to the appellant than it need have been. There is an implication that the appellee might not have been entitled to recover unless he purchased the note "merely as a safe investment," which is by no means necessarily so. He might have desired to accommodate Edwards, or have been influenced by other conceivable motives, without in any degree impairing his right to recover, so long as his purchase was not fraudulent.

On the authority of *Hill* v. *Newman*, 47 Ind. 187, it is claimed that the court erred in giving the following instruction: "Proof of declarations is not the highest grade of evidence. The party who hears them may have misunderstood the language used, or the meaning of the words used; and his remembrance, at the time he testified, of what was said, may be defective. On the other hand, the party who made the statements himself may have used words that conveyed a different meaning from that he intended to convey.

You will therefore weigh this part of the testimony care-
fully, and give it no more credit than its nature and the cir--
cumstances surrounding it may require.'' Counsel claim
that this is copied, almost literally, from section 200 of 1
Greenleaf's Evidence, and that it is erroneous because of
the omission to say, that, if the admissions ''are deliberately
made and precisely identified, the evidence afforded thereby
is often of the most satisfactory nature.''

In the recent case of *Garfield* v. *The State*, 74 Ind. 60,
we had under consideration an instruction, transcribed sub-
stantially from a note to the above named section of Green-
leaf, and we may repeat what we then said, that it is not
every statement concerning the law, found in a text book or
in the opinion of a judge, which can be properly embodied,
as written, in an instruction. This section of Greenleaf's
text is, in some degree at least, subject to the same remarks
as were applied to the note thereto. To give it in a charge,
as written, would in this State, be an invasion of the jury's
exclusive right to judge of the credibility and weight of evi-
dence. It is proper matter of argument that such evidence
is subject to imperfection and discredit, for the reasons sug-
gested, and the court may direct the jury's attention to the
subject. But it is not for the court to say, as matter of law,
in reference to the evidence of this kind, given in a particu-
lar case, that it is subject to much imperfection; or that
''it frequently happens that the witness, by unintentionally
altering a few expressions really used, gives an effect to the
statement completely at variance with what the party did
say;'' or that, ''where the admission is deliberately made
and precisely identified, the evidence is often of the most
satisfactory nature.'' These are matters of fact, experi-
ence and argument, but not otherwise the subject of legal
cognizance. The appellant, however, does not complain that
what was said to the jury was in itself wrong, but that there
was error in not adding the suggestion which would have

tended to the credit of the evidence. The general rule, in such case, is that the party must have moved the court for the further instruction required, or at least have objected specifically to the instruction given, on account of its stopping short, else the objection will not be available in this court. The instruction now complained of differs from that considered in *Hill* v. *Newman, supra,* in which case the court lays much stress on the fact that the court had charged that "all verbal admissions" ought to be received with great caution, and it was said that, having used those words, the court ought to have charged as to the weight which should be given to admissions deliberately made and accurately proved. But, aside from these considerations, the record in this case shows that the instruction, as given, was especially appropriate, if such an instruction be deemed permissible at all, and that the omission complained of constitutes no available error, because the omitted part would not have been applicable to the case.

Three witnesses, the appellee, Edwards and Fisher, testified directly to the fact that the appellee purchased the note and mortgage of Fisher, paid him therefor, and, at the time, took an assignment of one of the papers, probably the mortgage, in writing, and of both by delivery, and shortly afterward a written assignment of the paper which was not so assigned in the first instance. Opposed to this testimony, there was no direct evidence, but the appellant made a strenuous effort to show that the appellee first loaned the money to Edwards, and that Edwards paid it over to Fisher, as his own money, in payment and extinguishment of the mortgage ; and, consequently, that the assignment made to the appellee was a nullity. For this purpose, the appellant testified that the appellee "wanted to sell his mortgage to her. claimed it was prior to her mortgage. We asked him how he came by the note, and he said he had loaned Mr. Edwards money to pay this note off, and that Mr. Edwards had turned

him over this note and mortgage as security to him—collateral security to him. Then I said to him: 'You say that Mr. Edwards has paid this note off?' and he said 'yes.' 'Then,' I said, 'what security is this note and mortgage to you, if it is paid off?' and he said, 'I never found that out.' '' This was, in terms, the clearest and strongest proof of any declaration made by the appellee, but was much weakened by the cross-examination. It shows, however, that the appellee was, at the very time of the alleged admission, making a claim inconsistent with the inference sought to be drawn from the admission. He was claiming the note and mortgage as a valid security in his hands, and it is clear, therefore, that he was not intending to admit that they had been paid in such manner as to extinguish them. The explanation is patent and simple. The evidence shows that the appellee was solicited to furnish the money, which he held as a guardian, for the purpose of paying off Fisher, who was pressing for payment. The appellee furnished the money accordingly, and took an assignment of the mortgage, and naturally, though innocently, spoke of it in the way he did. He did, in a sense, furnish the money to Edwards; he furnished it at his request; and, as to Fisher, the mortgage was paid. If the appellee had actually delivered the money over to Edwards, and Edwards had taken and paid it over to Fisher, and this had been done upon the understanding between the appellee and Edwards that the note and mortgage should be assigned to the appellee, and the assignments had been made accordingly, and the papers carried by Edwards from Fisher to the appellee, there would be no doubt of the validity of the transaction, if done in good faith. And yet the appellant's case appears to have been conducted upon the opposite view; a strained effort seeming to have been made to raise a possible inference that the money may have been in Edwards' hands before it reached

Fisher's, and the note and mortgage in Edwards' hands a moment before coming to the possession of the appellee—as if formalities so slight might overcome the distinctly proven intention of the parties.

The declarations shown to have been made by the appellee, in the hearing of the witnesses Jackson, Jones, Boyd and Smith, were to the effect that he had loaned or let Mr. Edwards have money, and had taken the note and mortgage for it, or as security, or as collateral security for it, and, instead of being ground for impeaching, tend strongly to support, the plaintiff's claim of having become the rightful holder of the note and mortgage, and entitled to enforce their collection. There was also the testimony of one witness, that Edwards had said to him that he, Edwards, had paid Fisher, and that the assignment to the appellee was a sham. This evidence was admissible for the purpose of discrediting Edwards, but for no other purpose. It did not, as against the appellee, tend to show the truth of the statement so claimed to have been made by Edwards. It was not evidence in support of the appellant's answer.

It is not clear but that the court would have been justified in directing a verdict in favor of the appellee. There can hardly be said to be any evidence to the contrary. It is at least clear, that, in the respects complained of, there is no available error in the record. There was sufficient evidence of the priority of the appellee's mortgage over that of the appellant.

Judgment affirmed, with costs.