## KIDDER V. AARON.

1. Remittitur of portion of verdict resulting from admission of improper evidence cures the error.

2. Defendant in an action for possession of chattels for purpose of foreclosing mortgage is not estopped to prove the defense of payment because he received the surplus arising from the sale of the chattels made by plaintiff after commencement of the action.

(Opinion filed Nov. 9, 1897.)

Appeal from circuit court, Brookings county.  Hon. J. O. ANDREWS, Judge.

Action to recover possession of certain chattels, in order to foreclose a chattel mortgage thereon.  Defendant had judgment and plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*E. W. Smith* and *Mathews & Murphy* (*J. P. Alexander*, of counsel) for appellant.  A mortgagor of chattels, who after a seizure of the mortgaged property and a foreclosure of the same, knowingly accepts the surplus proceeds of such sale, thereby estops himself from questioning the validity of the mortgage or the legality of the foreclosure proceedings.  Colton v. Rupert, 27 N. W. 520; France v. Haynes, 25 Id. 98; McConnell v. People, 71 Ills. 48; 2 Cobbey, Ch. Mort. § 1022.

*Cheever & Hall,* for respondent.

FULLER, J.  Claiming a possessory right of the value of $285 by virtue of a chattel mortgage, plaintiff sought to recover, for the purposes of a foreclosure proceeding, certain horses described therein, the value of which is admitted to be $450. Defendant, answering the complaint, which, in usual phraseology, states a cause of action in claim and delivery, alleges full payment of the notes to secure which he executed the mortgage, and demands judgment alternatively for a return of the property, or for $450, the value of the same, together with $250 damages sustained by reason of the wrongful taking and deten-

tion thereof. Upon the evidence introduced at the trial and submitted to the jury under instructions either proposed or assented to by both parties, the following verdict was returned: "We, the jury in the above entitled action, find in favor of defendant and against the plaintiff on all the issues; that the defendant is the owner of, and entitled to a return of the possession of, all of the personalty described in the chattel mortgage and complaint herein, or in the event it cannot be had, then to recover from plaintiff the value thereof; that the value of said property is four hundred and fifty dollars; that the whole of the mortgage debt described in the mortgage and complaint herein had been fully paid before the time of the commencement of this action; that the defendant has sustained damages by reason of the wrongful taking and detention of said property in the sum of seventy-five dollars." From a judgment in favor of the defendant, and an order overruling a motion for a new trial, this appeal was taken by plaintiff.

The $75 item included in the verdict as damages sustained by respondent being remitted, and the recovery limited to $450, the conceded value of the property, evidence introduced under the rule of damages adopted by the court, and over the objection of appellant's counsel, requires no attention, for the reason that the same in no manner relates to the question of payment, which is controlling, and appears to be sufficiently established to support the verdict. As respondent is not questioning the authority of the court to make the order imposing upon him the option of accepting a new trial or remitting the entire amount recovered as damages for the wrongful taking and detention of his property, and appellant has nothing of which to complain, it is needless to review the rulings of the court upon objection to testimony offered to establish that element of the relief demanded. Assuming, but not deciding, that appellant was prejudiced by evidence upon the question of damages erroneously admitted, it is very obvious that an inexpensive and expeditious cure was effected when the court eliminated from

the case everything pertaining to the subject, and rendered judgment in favor of respondent for no more than the admitted value of his property, which the jury found had been wrongfully seized and sold to doubly satisfy an alleged indebtedness. The rule seems to be that, whenever the prevailing party upon the return of the verdict enters a remittitur for that portion of the same which resulted from the admission of improper evidence, the error thus occasioned is cured thereby, and the practice of setting aside a verdict and granting a new trial unless all damages in excess of the proper amount are remitted has always been a favorite of the courts. Trischet v. Insurance Co., 14 Gray, 456; Railroad Co. v. Beals, 50 Ill. 150; Strong v. Hooe, 41 Wis. 659; King v. Howard, 1 Cush. 137; Hodges v. Hodges, 5 Metc. (Mass.) 205; Railroad Co. v. Rahman, 22 Ohio St. 446; Atwood v. Gillispie, 4 Mo. 423; Mill Co. v. Gillen, 100 Ill. 52; Reasoner v. Brown, 19 Ark. 234.

It appears from the evidence that since the commencement of this action, and after appellant had sold the mortgaged property, respondent accepted and received of the surplus arising from the foreclosure proceeding $30.75, and directed the balance of $21 to be applied in satisfaction of a prior mortgage existing upon the property, in favor of a stranger to this suit; and counsel for appellant now insist that, by such conduct on the part of respondent, he is estopped from proving the defense of payment alleged in his answer. As between the parties plaintiff and defendant, an unqualified right to the possession of the property at the commencement of the action is essential to a recovery; and as no estoppel was pleaded or relied upon at the trial, and the evidence is insufficient to constitute an estoppel, but was properly admitted in mitigation of damages, under the theory upon which the case was tried, the contention of counsel is not entitled to favorable consideration. The view we have taken disposes of the case. The judgment appealed from is affirmed.