Smith *et al. v.* James *et al.*

No. 15,108.

SMITH ET AL. *v.* JAMES ET AL.

| 131 | 131 |
| 141 | 549 |
| 142 | 638 |

| 131 | 131 |
| 144 | 606 |

| 131 | 131 |
| 155 | 676 |
| 156 | 635 |

| 131 | 131 |
| 163 | 30 |

| 131 | 131 |
| 171 | 36 |

DEED.—*Use of Word "Executed."—Delivery.*—The word "executed," in reference to the execution of a deed, implies a delivery.

SPECIAL FINDINGS.—*Evidentiary Facts.—Use of Word "Executed" in.*—Statements of evidentiary facts should not be inserted in a special finding, and will not be considered on appeal. For use of the word "executed," in a special finding, as applied to a deed, see opinion.

SAME.—*New Trial.—Assailing Conclusions of Law by.*—A motion for a new trial is proper where there is a special finding; but it is not a proper mode of assailing the correctness of the conclusions of law.

NEW TRIAL.—*Bill of Exceptions For Not Necessary.*—A motion for a new trial does not require a bill of exceptions to make it a part of the record.

PRACTICE.—*Competency of Witness.—Question under Section 630, How Reserved.*—A question upon the competency of a witness may be reserved under the provisions of section 630, R. S. 1881; and to present such a question it is unnecessary to bring all the evidence into the record. But to be available so much of the evidence must be stated as will enable the appellate tribunal to clearly understand the nature and effect of the ruling of the trial court and to see its prejudicial character.

SAME.—*Competency of Evidence.—Reserved Question under Section 630.*—An independent and distinct ruling upon the admissibility of evidence may be presented on appeal as a reserved question of law under section 630; but the questions and answers connected with other evidence can not be so reserved without bringing in all the evidence upon the subject to which such questions and answers relate.

From the Noble Circuit Court.

*R. P. Barr, H. G. Zimmerman* and *F. M. Prickett,* for appellants.

*L. H. Wrigley,* for appellees.

ELLIOTT, C. J.—The appellees assert title to real estate, and ask to have their title quieted.

We extract from the special finding these material facts: John James was the owner of the real estate in controversy, on the 16th day of August, 1884, and on that day conveyed it to his son, the appellee Leander James. The finding states

that the grantor had entertained the purpose " to give the land to his son for some years prior to the execution of the deed conveying the real estate. In other parts of the finding the court speaks of the " execution of the deed." The only direct statement upon the subject of the delivery of the deed is this: " The court further finds that said deed to Leander was duly recorded in the proper record of Noble county, in this State, on the 20th day of April, 1885; the court further finds that said Leander did pay some debts of the said John James, contracted prior to the execution of the deed, but the amount so paid did not exceed the sum of forty dollars, and that no other consideration was stipulated between the parties thereto than that which is expressed in said deed, and that prior to the recording thereof there was no actual delivery of said deed personally to the grantee by the makers thereof, or any other than that resulting from such recording."

If we can justly say that the trial court employed the term " executed the deed " in its ordinary legal signification, then we can adjudge that the finding shows a delivery, for the term implies a delivery. *Nicholson* v. *Combs,* 90 Ind. 515 (516).

If we can not do this, we must hold that the special finding of facts is insufficient to support the plaintiffs' claim of title. We say this in full view of many statements of evidentiary matters tending to show a delivery; but statements of evidentiary matters are, as has been again and again decided, out of place in a special finding. We can not give heed to the statements of evidentiary matters in which the finding abounds. Independently of the evidentiary matters, we think it must be adjudged that the trial court used the term " executed the deed " in its usual signification. It is only by so regarding the term " executed the deed " that a reasonable construction can be given the special finding. The finding can be harmonized by so regarding the term. In one place it is said that John James " conveyed the land by

deed " to Leander James, and in another it is said that a purpose was entertained " for some years prior to the execution of the deed conveying the real estate." The deed recites that the grantee covenants to maintain the grantor and his wife, and the finding states that he did maintain them. We conclude that the statement of the finding which reads thus: " The court further finds that John James voluntarily and freely executed the deed of August 16th, 1884, and was always thereafter satisfied with said conveyance," considered in connection with other statements, must be regarded as the finding of the ultimate, or inferential, fact that there was an effective execution of the deed, including delivery as well as the signing and sealing.

The presumption is in favor of good faith, and against fraud, and as the special finding is silent upon the subject of fraud, it is to be construed as against the parties alleging fraud, and these parties are the appellants.

The ultimate fact of the mental soundness of the appellees' grantor is expressly stated, and that of course controls. The statement of evidentiary matters upon that subject are without force.

A motion for a new trial is a direct motion, and does not require a bill of exceptions to bring it into the record. This has long been the rule. A motion for a new trial is proper where there is a special finding, but it is not a proper mode of assailing the correctness of the conclusions of law.

A question upon the competency of a witness may be reserved under the provisions of section 630, R. S. 1881. It is unnecessary to bring all the evidence into the record in order to present a question of the competency of a witness as a reserved question of law. If so much of the evidence is stated as enables the appellate tribunal to clearly understand the nature and effect of the ruling of the trial court, and see its prejudicial character, it will be sufficient. *Perkins* v. *Hayward*, 124 Ind. 445; *Shugart* v. *Miles*, 125 Ind. 445. It is probably true that the ruling here assailed is not

shown to be available as error, even if it be conceded to be wrong, inasmuch as it is not shown that there was any conflict of evidence upon the point to which the testimony of the witness was directed, or that the appellants had not themselves opened the door to the admission of the testimony. *Perkins* v. *Hayward, supra.* But this question we need not decide, for, assuming that the ruling is well presented, we do not think the testimony of such materiality as to require a reversal of the judgment. We can not, at all events, say upon the isolated part of the testimony admitted that the finding is so clearly wrong as to require us to overthrow it. We must, in the absence of countervailing facts, presume that the finding of the trial court was right upon competent evidence, and as it does not appear from the record that there was a conflict in the evidence that presumption requires us to hold that there was no opposing evidence. *Naugle* v. *State*, 101 Ind. 284. If the bill of exceptions had shown that there was a conflict, we should have a different case. It is proper to say that it is very doubtful whether the appellants are right in their position that Mrs. James was an incompetent witness under the statute. Elliott's Supp., section 19. She was not a party to the suit, and her interest was adverse to her husband's grantee, for, if the deed was invalid, it left an estate in the land in her, whereas if valid, it divested her of all interest. *Rupe* v. *Hadley*, 113 Ind. 416. We may also add that, as there was a question as to the mental capacity of the grantor, it is probably true that as to that question the widow of the appellees' grantor was a competent witness. *Staser* v. *Hogan*, 120 Ind. 207.

A bill of exceptions is in the record which attempts to reserve questions upon isolated and fragmentary matters of evidence, but we think it very clear that the bill does not sufficiently present such questions. We have no doubt that an independent and distinct ruling upon evidence may be presented as a reserved question of law under the statute, but we are equally clear that questions and answers con-

nected with other evidence can not be reserved by a bill which does not bring in all the evidence upon the subject to which the questions and answers relate. Evidence can not be understood when wrenched from that with which it is connected, nor can it be known whether error in ruling upon it was not obviated by other rulings or cured by other evidence. A practice that would permit the dissection of evidence and its presentation in fragments would make it impossible for the appellate tribunal to apply the rule of the statute that where a judgment is right upon the merits there shall be no reversal.

McBRIDE, J., did not take part in the decision of this case.

