## HARRIS v. THE STATE.

[No. 18,966. Filed April 4, 1900. Rehearing denied June 5, 1900 ]

APPEAL AND ERROR.—*Motion in Arrest of Judgment.—Record.—Criminal Law.*—A motion in arrest of judgment in a criminal case, and the ruling of the court thereon, are a part of the record on appeal without a bill of exceptions, and where such matters are only exhibited in a bill of exceptions, copied in the transcript, and do not appear elsewhere in the transcript, they will not be considered on appeal. *pp. 16, 17.*

SAME.—*Bill of Exceptions.—Criminal Law.*—It must affirmatively appear from the record that the bill of exceptions in a criminal case was filed with the clerk; the filing cannot be shown by mere recitals in the bill, or by the file mark of the clerk thereon. *pp. 16, 17.*

SAME.—*Motion in Arrest of Judgment.—When not in Record.—Presumption.—Criminal Law.*—Where a motion in arrest of judgment because of a defect in the indictment is not in the record on appeal, it will be presumed that the motion did not reach the defect, if any, in the indictment, and was properly overruled for that reason, or that the causes assigned for arresting the judgment were so defectively stated as to present no question. *p. 17.*

From the Vanderburgh Circuit Court. *Affirmed.*

*W. W. Ireland* and *W. Reister,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *A. J. Clark,* for State.

MONKS, J.—The only error assigned is that the court below erred in overruling appellant's motion in arrest of judgment.

The Attorney-General insists that the motion in arrest is not in the record, (1) for the reason that it is not set forth in the record proper, but only appears in the bill of exceptions; (2) if it could be thus made a part of the record, the transcript does not affirmatively show that the bill of exceptions was ever filed,—and that no question is, therefore, presented for our consideration by the assignment of error.    Section 1912 Burns 1894, §1843 R. S. 1881 and Horner 1897, provides that in a criminal prosecution motions in arrest shall be in writing, and shall state the causes therefor.    *Chandler* v. *State,* 141 Ind. 106, 108, 109.    A motion in arrest of judgment in a criminal case and the ruling of the court thereon are a part of the record, the same as a motion for a new trial and the ruling thereon, without a bill of exceptions.    *Chandler* v. *State, supra.*    A written motion in arrest of judgment and the ruling thereon are contained in what purports to be a bill of exceptions, but no motion in arrest is set forth in any other part of the transcript.    It is settled that bills of exceptions cannot bring into the record matters which are a part of the record without a bill of exceptions.    3 Ency. Pl. & Pr. 404-406; *Home, etc., Co.* v. *Globe, etc., Co.,* 146 Ind. 673, 681.    When matters properly a part of the record without a bill of exceptions are only exhibited in a bill of exceptions copied into the transcript, and do not appear elsewhere in the transcript, they will not be considered on appeal. *Home, etc., Co.* v. *Globe, etc., Co., supra.*    Moreover if the motion in arrest of judgment could properly have been made a part of the record by a bill of exceptions, the same is not a part of the record in this case, for the reason that the transcript does not show that the bill of exceptions was ever filed as required by §1916 Burns 1894, §1847 R. S. 1881 and Horner 1897.    Unless the bill of exceptions was filed

by the clerk, and this fact is affirmatively shown by the record, it forms no part of the record, and cannot be considered. *Stewart* v. *State*, 113 Ind. 505, 509, 510. The filing cannot be shown in this court by mere recitals in the bill or by the file mark of the clerk thereon. *Drake* v. *State*, 145 Ind. 210, 217; *Shewalter* v. *Bergman*, 132 Ind. 556; *Board, etc.*, v. *Huffman*, 134 Ind. 1, 7, 8.

It is presumed that the action of the trial court was correct in overruling said motion in arrest, and this presumption can only be overcome by a record which shows unequivocally that an error was committed. The motion in arrest not being in the record, we do not know, and cannot presume, that it stated any cause for arresting the judgment or that it was otherwise so framed that it was error to overrule it, even if the indictment was not sufficient to withstand a motion in arrest properly framed. *Aydelott* v. *Collings*, 144 Ind. 602, 603, 604; *Head* v. *Doehleman*, 148 Ind. 145, 146; *Dunn* v. *Dunn*, 149 Ind. 424, 425; *Sharpe* v. *Dillman*, 77 Ind. 280. This is true, because, if anything is left to conjecture, all doubts must be solved in favor of the action of the trial court, and this court will adopt the presumption which upholds the judgment appealed from. Ewbank's Manual §198; Elliott's App. Proc. §§709, 710, 720.

In the absence from the record of said motion in arrest, the presumption, therefore, is that the same did not reach the defect, if any, in the indictment, and was properly overruled for that reason, or that the causes assigned for arresting the judgment were so defectively stated as to present no question. *Zimmerman* v. *Gaumer*, 152 Ind. 552, 555, 556, and cases cited.

Finding no available error in the record, the judgment is affirmed.