Wilson *v.* State.

---

## WILSON *v.* THE STATE.

[No. 19,451.   Filed Feb. 14, 1901.   Rehearing denied June 28, 1901.]

INDICTMENT.—*Presenting False Claim Against County.—Criminal Law.* —An indictment, under §2353 Burns 1894, for certifying as correct and presenting a false claim against the county is not bad because it was alleged that defendant made out and presented the claim to the board of commissioners for the purpose of procuring an order for its payment out of the county treasury, when under the law boards of commissioners are only authorized to allow claims against the county, and not to issue orders for payment out of the county treasury, since no order for the payment of the claim could have been issued until the same had been allowed by the board. *pp. 632-634.*

SAME.—*Duplicity.—Presenting False Claim Against County.—Criminal Law.*—An indictment, under §2353 Burns 1894, for presenting a false claim against a county is not bad for duplicity because of an allegation therein that defendant "presented a false and fraudulent claim," since the indictment only charges defendant with presenting one claim, and that it was false and fraudulent. *pp. 634, 635.*

SAME.—*Presenting False Claim.*—Under §1820 Burns 1894, it is not necessary in an indictment for presenting a false claim against a county to set out the claim. *p. 635.*

APPEAL AND ERROR.—*Record.—Motion for New Trial.—Bill of Exceptions.*—A motion for a new trial and the ruling of the court thereon being a part of the record without a bill of exceptions, the same cannot be brought into the record by a bill of exceptions. *pp. 635, 636.*

SAME.—*Record.—Defect.—Waiver.*—A defect in the record is not waived by failure of appellee's attorney to call attention to same in brief. *pp. 636-638.*

From the Shelby Circuit Court.   *Affirmed.*

*T. R. Marshall, T. B. Adams, E. E. Stroup, A. F. Wray* and *T. H. Campbell,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

MONKS, J.—Appellant was indicted, tried, and convicted for a violation of §2353 Burns 1894, §2205 R. S. 1881 and Horner 1897. The errors assigned call in question the action of the court in overruling the motion to quash the indictment, the motion for a new trial, and the motion in arrest.

The indictment, omitting the formal parts, charges in substance that appellant did unlawfully, feloniously, and designedly, and with intent to cheat and defraud said Shelby county, make out and file in the auditor's office of said county, and cause the same to be entered on the claim docket, in said office, and present to the board of commissioners of said Shelby county, a certain false and fraudulent claim against such county, in which said claim it was alleged that Shelby county, Indiana, was indebted to Campbell, Wild & Co., in the sum of $1,600 for services rendered by said Campbell, Wild & Co., for said Shelby county, as financial agent of said county for the year 1899, in securing a loan of $80,000 at two per cent., and with said claim and as a part thereof there was an affidavit alleging that said claim was justly owing by said Shelby county, and that the same or any part thereof had never been allowed; that said affidavit was subscribed and sworn to by said J. Marsh Wilson before Henry Oltman, auditor of said county, on the 12th day of December, 1899; that said false and fraudulent claim has been destroyed, or is in the possession of some one to the grand jury unknown; the said false and fraudulent claim being so made out and presented to such board of commissioners, in manner as above, for the purpose of then and there and thereby procuring an order on such county for said sum of $1,600, for the payment thereof, out of the county treasury of such county, the said J. Marsh Wilson

then and there well knowing that such claim was false and fraudulent, and then and there well knowing that said county was not indebted in any sum whatever to said Campbell, Wild & Co. for services rendered by said company to said Shelby county.

The part of said §2353 (2205), *supra,* upon which said indictment is predicated is as follows: "Whoever, knowing the same to be false or fraudulent, * * *. presents for payment, or. certifies as correct to the * * * board of commissioners * * * any claim, bill, *. * * account, * * . * or other evidence of indebtedness, false or fraudulent, for the purpose of procuring the allowance of the same, or an order for the payment thereof out of the treasury of said * * * county, * * * shall be imprisoned in the state prison not more than fourteen years nor less than two years, and fined not more than $1,000 nor less than $10."

It is insisted by appellant that the allegation that he made out and presented said claim to the board of commissioners of Shelby county, for the purpose of procuring an order for its payment out of the county treasury, is insufficient, for the reason that boards of commissioners are only authorized to allow claims against the county, and not to issue orders for payment out of the county treasury. While it is true that boards of commissioners are only authorized to allow claims against the county, and not to issue orders, yet no order on the treasury of said county for the payment of the claim described in the indictment could have been issued by the auditor of said county for the payment thereof, until after the same had been allowed by the said board of commissioners. The making out, and verification of said claim, and the filing thereof in the auditor's office, and presenting the same to the board of commissioners, were steps necessary to procuring an order for the payment thereof out of the county treasury. §§7845a, 7848a Burns Supp. 1897; Acts 1897, p. 187, §§3, 4.

The purpose of presenting said claim to the board of commissioners was not only to procure an allowance thereof by said board, but also to procure an order for its payment out of the county treasury. Either purpose, or both, if alleged in an indictment, in connection with the other necessary averments would show a violation of the provisions of said section. Gillett's Crim. Law (2nd ed.), p. 258. It is true that the commissioners do not issue the order, but their allowance, as we have said before, was an essential step in procuring the order, and without which it could not be procured. It is not alleged that the claim was presented to the board of commissioners to procure them to issue the order, nor will the indictment when read in the light of the law in regard to the power of the board of commissioners bear any such construction.

Appellant urges that as there is no law requiring the county auditor to keep a claim docket in his office, that the indictment is insufficient, because it does not allege that such a docket was kept in the office of the auditor of Shelby county. Section 7848a Burns Supp. 1897 (Acts 1897, p. 188, §4), provides that "No claim shall be allowed by the board of commissioners of any county in this State unless such claims, duly itemized and verified by the claimant or some one in his behalf, shall have been filed in the auditor's office of the proper county, and by him placed on the claim docket", etc. This objection is clearly without merit.

The next objection urged by appellant is that the indictment is bad for duplicity in charging that appellant "presented a false and fraudulent claim against such county"; that it is a crime to present a false claim, and also a crime to present a fraudulent claim, and both are charged. It will be observed that the words "false" and "fraudulent" are used disjunctively in the statute. The doing of any one of a number of distinct acts is made a crime to which precisely the same penalty is affixed. The indictment only charges appellant with presenting one claim, and that it was

false and fraudulent. This only charged him with one crime, not two. *State* v. *Fidler,* 148 Ind. 221, and cases cited; *Hobbs* v. *State,* 133 Ind. 404, 18 L. R. A. 774; *Rosenbarger* v. *State,* 154 Ind. 425; *Davis* v. *State,* 100 Ind. 154.

Appellant next contends that the indictment is defective for the reason that the claim presented to the board of commissioners is not set out. Section 1820 Burns 1894, §1751 R. S. 1881 and Horner 1897 provides that "In all other cases except forgery, when it is necessary to make an averment in an indictment or information as to any instrument, whether the same consists wholly or in part of writing, printing, or figures, it shall be sufficient to describe such instrument by any name or designation by which the same is usually known, or by the purport thereof." It is evident that the description of said claim is sufficient under said section. It follows that the motion to quash the indictment was properly overruled. For the same reasons, the court did not err in overruling the motion in arrest.

The Attorney-General insists that no question is presented concerning the action of the court in overruling appellant's motion for a new trial, for the reason that the same is not in the record. No motion for a new trial appears in the record proper, but there is such motion in a bill of exceptions. A motion for a new trial, and the ruling of the court thereon, and the exceptions thereto, are a part of the record, the same as a motion in arrest of judgment and the ruling thereon and the exceptions thereto without a bill of exceptions. *Harris* v. *State,* 155 Ind. 15; *Smith* v. *James,* 131 Ind. 131, 133; *Nichol* v. *Thomas,* 53 Ind. 42, 51; *Hill* v. *Newman,* 47 Ind. 187, 189; *Chandler* v. *State,* 141 Ind. 106, 110.

It is settled that matters that are a part of the record without a bill of exceptions cannot be brought into the record by a bill of exceptions. 3 Ency. Pl. & Pr. 404-406; *Harris* v. *State, supra; Home, etc., Co.* v. *Globe, etc.,*

*Co.,* 146 Ind. 673, 681; *Bowen* v. *State,* 108 Ind. 411; *Robards* v. *State,* 152 Ind. 294, 297, and cases cited; *Hancher* v. *Stephenson,* 147 Ind. 498, 499, 500, and cases cited; *Engleman* v. *Arnold,* 118 Ind. 81; *Benson* v. *Baldwin,* 108 Ind. 106; *Jones* v. *Jones,* 91 Ind. 72; *City of Indianapolis* v. *Kollman,* 79 Ind. 504; *Applegate* v. *White,* 79 Ind. 413; *Schoonover* v. *Reed,* 65 Ind. 313.

When matters properly a part of the record without a bill of exceptions are only exhibited in a bill of exceptions copied into the transcript, and do not appear in the record proper, they will not be considered on appeal. *Harris* v. *State, supra; Home, etc., Co.* v. *Globe, etc., Co.,* 146 Ind. 673, 681 and cases cited; *Robards* v. *State, supra;* 3 Ency. of Pl. & Pr. 406.

Judgment affirmed.

### ON PETITION FOR REHEARING.

PER CURIAM.—Appellant has filed a petition for a rehearing in which he earnestly insists that whether or not the motion for a new trial is in the record was waived by the failure of the Attorney-General to raise that question in his printed brief. It was the duty of appellant to examine the record and see that it was correct, before the same was filed, and if necessary to take timely steps to correct any errors in the same. *Miller* v. *Evansville, etc., R. Co.,* 143 Ind. 570; *Drake* v. *State,* 145 Ind. 210, 218; *Watson* v. *Finch,* 150 Ind. 183, 184, 185; *Fidelity, etc., Union* v. *Byrd,* 154 Ind. 47, 48; *Kinsey* v. *Myers,* 41 Ind. 543, 556, 557; Ewbank's Manual, §§117, 217.

Even if the Attorney-General had not called attention to the fact that the motion for a new trial was not in the record, the court was not required to disregard this infirmity and determine questions not in the record on account of the defect in the transcript. *Miller* v. *Evansville, etc., R. Co., supra,* on p. 573; *Drake* v. *State, supra,* p. 219.

In *Martin* v. *Martin,* 74 Ind. 207, this court by Woods, J., said upon this question: "The issue tendered for our

decision by the appellant in every case of appeal is, that 'there is manifest error in the record', in some specified particular or particulars. The appellee joins issue and says there is no error. The trial is by the record, not by the argument of counsel, and the appellant has no right to prevail, and we should be derelict in duty if we permitted him to prevail, unless the error is made manifest.

"No matter what error the court below may have committed, it is not manifest in the record, unless saved in the lower court and presented in this court, in accordance with the rules of practice. These rules of practice are the law of the land, their reasonableness is justified by experience, and, unless ready to abrogate, we have no right to disregard them. We never go beyond the brief of the appellant to search the record in quest of errors which have not been pointed out in the brief; but the appellee, without filing any brief at all, is entitled to the benefit of everything in the record which may prevent a reversal of the judgment upon the errors assigned; and, because the counsel on both sides may discuss some question with very great learning and ability, as was done in this case, we are not therefore permitted to shut our eyes against the fact, which we can not otherwise help seeing, that the question is not in the record. The silence of the appellee on any point is not equal to an agreement to waive the point; the burden is on the appellant to show the error which he has assigned. * * *

"If there are points in a record which counsel do not suggest, and we do not perceive them, there are numerous decisions that we will not consider such points on a petition for a rehearing, but there is no rule which permits us to ignore what we do see. We read the briefs of counsel, but, as the appeal is tried by the record, we examine that too." See, also, *Big Creek Stone Co.* v. *Seward,* 144 Ind. 205, 209; *Travelers Ins. Co.* v. *Prairie School Tp.,* 151 Ind. 36, 41.

The order-book entry showing the filing of a motion for a new trial is copied into the transcript, and instead of setting out the motion as a part of such entry, the clerk has re-

ferred to the pages and lines where the same is copied into the bill of exceptions. Appellant in his petition for a rehearing has called our attention to this part of the transcript, and insists that the motion for a new trial is thereby made a part of such order-book entry and is properly in the record. It has been uniformly held by this court that where a pleading or written instrument is a part of the record proper without a bill of exceptions, and has been copied into the transcript as a part of such record, and is also a part of a bill of exceptions, that it need not again be set out in the bill of exceptions, but the clerk may refer to the pages and lines of the transcript where it may be found.

It is only, however, where the paper or document in the case is already properly in the transcript as a part of the record that the clerk may refer by page and line to where the same may be found instead of making another copy. *Reed* v. *State,* 147 Ind. 41, 48; *Seston* v. *Tether,* 145 Ind. 251, 253, 254; *Gussman* v. *Gussman,* 140 Ind. 433; *Cottrell* v. *Aetna Life Ins. Co.,* 97 Ind. 311, 312; *Board, etc.,* v. *Karp,* 90 Ind. 236, 238, 239; *Douglass* v. *State,* 72 Ind. 385, 389, 390; *Colee* v. *State,* 75 Ind. 511, 513; *Stewart* v. *Rankin,* 39 Ind. 161, 164; *Klingensmith* v. *Faulkner,* 84 Ind. 331.

As copying the motion for a new trial in the bill of exceptions did not bring the same into or make it a part of the record, under the rule stated, we can not look from the order-book entry, where it belongs and should have been copied, to the bill of exceptions to consider it. The bill of exceptions not bringing said motion into the record, the reference thereto by page and line made by the clerk in the order-book entry did not make the motion a part of such entry. *Douglass* v. *State, supra; Reed* v. *State, supra,* and the other cases cited.

After a careful review of the questions decided in the original opinion, we see no reason to change the views there expressed. The petition for a rehearing is therefore overruled.