## COONEY v. AMERICAN MUTUAL LIFE INSURANCE COMPANY OF ELKHART, INDIANA.

[No. 20,041.   Filed June 25, 1903.]

APPEAL AND ERROR.—*Conclusions of Law.—Exceptions.—How Reserved.—Bill of Exceptions.*—Where exceptions to conclusions of law are not noted on the record at the close of the decision, as provided by §640 Burns 1901, they can not be brought into the record on appeal by bill of exceptions.

From St. Joseph Circuit Court; *W. A. Funk*, Judge.

Action by James Cooney against the American Mutual Life Insurance Company of Elkhart, Indiana. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. D. Osborne, R. M. Johnson* and *Robert Lowry*, for appellant.

*J. M. Van Fleet* and *V. W. Van Fleet*, for appellee.

HADLEY, J.—Suit by appellant on a judgment which he claims to have recovered against the appellee in the state of New York. Issues were formed, and the case submitted to the court for trial. Upon proper request the court made a special finding of facts, and stated its conclusion of law thereupon in favor of appellee.

The only error assigned is that the court erred in its conclusion of law.

The first contention is that appellant took no valid exception to the conclusion of law, and hence has brought up no question for the consideration of this court. The record of the special finding and conclusion of law is silent as to any objection or exception thereto by either party, but next following the signature of the judge to the conclusion of law the transcript proceeds: "And thereupon comes the plaintiff and files his bill of exceptions to the said conclusions of law by the court, and the same is ordered filed by the clerk and made a part of the record in this cause, and is in the words and figures following, to wit." Then follows what purports to be a formal bill of exceptions, which sets forth the conclusion of law, and alleges that appellant, at the time the conclusion of law was found and entered by the court, excepted thereto.

Have we the power, under this record, to take cognizance of an exception to the conclusion of law? Section 560 Burns 1901 provides that when a party desires to except to the court's view of the law as applicable to the facts in the case, upon his request the court is required to state the facts in writing, and then the conclusions of law upon them. This requirement makes the special finding and conclusions of law a part of the record proper, which, upon its face, discloses whatever infirmity may exist in the court's legal conclusions, or in its application of the law to the facts found. With respect to preserving objections and exceptions arising from such records, §640 Burns 1901 provides as follows: "Where the decision objected to is

Cooney *v.* American, etc., Ins. Co.

entered upon the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the decision [conclusion of law in this case] that he excepts." But as to collateral and incidental matters which are not in the regular course of the proceeding properly and essentially a part of the case, and concerning which but a brief minute is entered upon the record, and which does not disclose the grounds of objection, or of the ruling thereon, an exception to such rulings can only be preserved by a bill of exceptions. §641 Burns 1901. The legislature having pointed out these two modes of reserving exceptions for the consideration of this court, we are not at liberty to recognize any other. Hence we have ruled that "When matters properly a part of the record without a bill of exceptions are only exhibited in a bill of exceptions copied into the transcript, and do not appear elsewhere in the transcript, they will not be considered on appeal." *Harris* v. *State,* 155 Ind. 15; *Wilson* v. *State,* 156 Ind. 631; *Home, etc., Power Co.* v. *Globe, etc., Co.,* 146 Ind. 673. It is clear from the statute and adjudications that an exception to conclusions of law is a part of the record proper as matter of course, and can not be made a part by bill of exceptions, and no exception appearing in this case at the place assigned to it by the law, we must conclusively presume that none was reserved.

There being nothing in the record to sustain the assignment of error, the judgment should be affirmed.

Judgment affirmed.