## WURFEL v. THE STATE.

[No. 20,807.   Filed October 4, 1906.]

APPEAL AND ERROR.—*Record.*—*Motion for New Trial.*—*Bill of Exceptions.*—A motion for a new trial, contained only in the bill of exceptions in the transcript on appeal, is not a part of the record; and error assigned on the overruling of same cannot be considered.

From Clark Circuit Court; *C. W. Cook,* Special Judge.

Prosecution by the State of Indiana against John Wurfel. From a judgment of conviction, defendant appeals. *Affirmed.*

*James W. Fortune,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

MONTGOMERY, J.—Appellant was convicted of an assault and battery with intent to commit rape. A number of alleged errors, which might properly have been urged as grounds for a new trial, have been assigned. The only proper assignment of errors is the overruling of appellant's motion for a new trial. The motion for a new trial is not embraced in the record proper, but only in what purports to be a bill of exceptions. This bill of exceptions is not identified, but is merely attached to the transcript, and there is no record entry of the filing of the same. If it were conceded that this bill of exceptions constituted a part of the record, which we need not and do not decide, still it must be held that a motion for a new trial, which is copied in such bill, but does not appear elsewhere, is not properly a part of the record. *Wilson* v. *State* (1901), 156 Ind. 631, and cases cited.

In the absence of the motion for a new trial, no error is made to appear, and the judgment is affirmed.