## WURFEL v. THE STATE.

[No. 20,794. Filed October 11, 1906.]

1. APPEAL AND ERROR.—*Instructions.—Independent Assignments.*—Error in the giving of instructions cannot be assigned independently on appeal. p. 192.

2. APPEAL AND ERROR.—*Bill of Exceptions.*—*New Trial.*—*Motion for.*—*Whether in Record.*—A motion for a new trial contained only in the bill of exceptions is not a part of the record; and error assigned thereon cannot be considered. p. 192.

From Clark Circuit Court; *C. W. Cook,* Special Judge.

Prosecution by the State of Indiana against Edward Wurfel. From a judgment of conviction defendant appeals. *Affirmed.*

*James W. Fortune,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

JORDAN, C. J.—Appellant was charged and convicted by a jury in the lower court with having committed an assault and battery upon Anna Weidner, with the felonious intent to commit rape. Over his motion for a new trial he was sentenced, upon the verdict of the jury, to be imprisoned in the Indiana Reformatory for an indefinite period of from two to fourteen years, and was fined in the sum of $1.

From this judgment he appeals to this court, and assigns various errors to the effect that the trial court erred in giving certain instructions and also in overruling his motion for a new trial. The several independent assignments of error, based upon the action of the court in giving the instructions in question, are not legitimate and are of no avail, hence the only proper assignment which we have before us is the one calling in question the ruling of the court in denying the motion for a new trial. But we cannot review any of the alleged errors assigned as grounds for a new trial in this motion, because the latter is not properly in the record. Instead of being copied and inserted in the transcript as a part of the statutory record, which it is, this motion appears and is set out in a bill of exceptions. This procedure is not authorized, and the motion for a new trial therefore cannot be regarded as a part of the record.

Terre Haute, etc., R. Co. *v.* Indianapolis, etc., Co.—167 Ind. 193.

*Wurfel* v. *State* (1906), *ante,* 160, and authorities cited; *Thompson* v. *Thompson* (1901), 156 Ind. 276; *Cooney* v. *American, etc., Life Ins. Co.* (1903), 161 Ind. 193.

In fact the record in this appeal in respect to its defects is on "all fours" with that of *Wurfel* v. *State, supra,* and under the ruling in that case the judgment must be affirmed without considering any of the questions discussed by counsel for appellant relative to the merits of the case.

Judgment affirmed.