MALOTT, RECEIVER, *v.* CENTRAL TRUST COMPANY, ADMINISTRATOR.

[No. 20,866. Filed November 27, 1906. Rehearing denied May 2. 1907.]

1. APPEAL. — *Bills of Exceptions.* — *When Record Proper Controls.*—Statements made in a bill of exceptions, when properly a part of the bill, control improper record statements thereof; but in matters properly in the record and improperly in such bill, the record proper controls. p. 430.

2. SAME.—*Bills of Exceptions.*—*Leave for, and Time of Filing.* —*How Shown.*—Leave for filing a bill of exceptions after term, and the filing thereof and date of filing, must be shown by a record entry, and cannot be shown by recitals in the bill. p. 431.

Malott *v.* Central Trust Co.—168 Ind. 428.

3. APPEAL.—*Judgment.*—*Motions for New Trial.*—*Motions in Arrest.*—*How Made Part of Record.*—Judgments, the dates of rendition, motions for a new trial, motions in arrest of judgment, the rulings thereon, and exceptions thereto are parts of the record proper, and cannot be brought into the record by a bill of exceptions.   p. 432.

4. SAME.—*Bills of Exceptions.*—*Time for Filing.*—Where the record shows that on June 25, 90 days were given in which to file bills of exceptions, and they were filed September 24, such bills were not filed within the time.   p. 432.

5. SAME.—*Bills of Exceptions.*—*Presentation to Judge.*—*Filing.* —Where bills of exceptions show that they were presented to the judge for his signature before the expiration of the time given for filing, such bills, though filed after the expiration of the time, are parts of the record.   p. 432.

6. RAILROADS.—*Postal Clerks.*—*Duties Toward.*—Railroad companies owe the same duties to postal clerks as to regular passengers.   p. 433.

7. EVIDENCE.—*Postal Clerks.*—*How Shown to Be.*—Proof that a railroad company had been regularly carrying the mail under some arrangement with the United States, and that the decedent had been carried as a postal clerk on the train, sufficiently shows that such company owed to him the same duty as to a passenger.   p. 434.

8. APPEAL.—*Exceptions.*—*Necessity of.*—In order to present any question, on appeal, a proper exception must be reserved to the trial court's ruling.   p. 435.

9. NEW TRIAL.—*Misconduct of Counsel.*—*Argument to Jury.*— *Practice.*—Where counsel makes objectionable remarks in the argument to the jury, and the court promptly, upon objection, admonishes the jury not to consider such statements, there is no cause for a new trial.   p. 435.

10. EVIDENCE. — *Promotion.* — *Postal Clerks.* — In an action of damages for the death of a postal clerk, evidence that before his death he had been assigned for promotion is admissible. p. 436.

11. SAME.—*Objections.*—*Must Be Specific.*—*Appeal.*—Objections to evidence because "incompetent, irrelevant, and immaterial and does not tend to prove any issue in the case," or that "it is not applicable to any issue in the case and does not tend to prove the earning capacity of the decedent in this case," are too indefinite to present any question.   p. 437.

12. APPEAL.—*Evidence.*—*Changing Objections on Appeal.*—Parties, on appeal, cannot shift the grounds of objection to evidence made on the trial of the case below.   p. 437.

13. DAMAGES.—*Excessive.*—The Supreme Court will not disturb a verdict on the ground of excessive damages, unless it appears that the jury acted from prejudice, partiality or corruption. p. 438.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by the Central Trust Company of Greencastle, Indiana, as administrator of the estate of Fred H. Hermsen, deceased, against Volney T. Malott, as receiver of the Terre Haute & Indianapolis Railway Company. From a judgment for plaintiff on a verdict for $9,500, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*James L. Clark, J. H. James, D. P. Williams* and *John G. Williams,* for appellant.
*S. A. Hays* and *S. M. McGregor,* for appellee.

MONKS, J.—This action was brought to recover damages for the death of Fred H. Hermsen, alleged to have been caused by the negligence of appellant. A trial of said cause resulted in a verdict and judgment in favor of appellee.

The only error assigned and not waived is that "the court erred in overruling appellant's motion for a new trial."

The determination of the question presented by said assignment of error depends upon matters which counsel for appellee insist are not in the record, for the

1. reason that the bills of exceptions were not filed in the clerk's office or in open court within the ninety days allowed by the court for that purpose. It appears from the record proper that final judgment was rendered on June 25, 1904, at which time ninety days were given appellant within which to file bills of exceptions, and that the bills of exceptions were filed on September 24, 1904. Counsel for appellant contend, however, that the bills of exceptions show that final judgment was rendered on June 30, 1904,

at which time ninety days were given appellant to file bills of exceptions, and that there being a conflict between the record proper and the bills of exceptions as to the date of final judgment the bills of exceptions control.    The contention of the appellant is true only to a limited extent, for the reason that only as to such matters as may be properly shown by a bill of exceptions will it control.    Thus the recital, in a bill of exceptions of the day when it was presented to or signed by the judge must be taken as correct, but the general statement therein that the same was presented to the judge within the time allowed will be disregarded.    Ewbank's Manual, §§24, 25, 34; 3 Works's Practice (4th ed.), p. 506, and notes; *Wood* v. *Ohio Falls Car Co.* (1894), 136 Ind. 598, 601.    Whatever is a part of the record proper without a bill of exceptions cannot be made a part of the record by a bill of exceptions, and if there is any conflict between the two as to such matters the record proper will control.    *Wilson* v. *State* (1901), 156 Ind. 631, 635, 636, and authorities cited; *Harris* v. *State* (1900), 155 Ind. 15; *Cooney* v. *American Mut. Life Ins. Co.* (1903), 161 Ind. 193-195, and cases cited; Ewbank's Manual, §25; 3 Ency. Pl. and Pr., 404-406.

That leave was given during the term to file a bill of exceptions after the close of the term must be shown by an order-book entry, and that the bill of exceptions was

2.    filed in the clerk's office and the date of filing cannot be shown by recitals in the bill.    Ewbank's Manual, §§30, 31; 3 Works's Practice (4th ed.), pp. 518, 519, and notes; *Gray* v. *Singer* (1894), 137 Ind. 257; *Hancher* v. *Stephenson* (1897), 147 Ind. 498; *Schoonover* v. *Reed* (1879), 65 Ind. 313; *Board, etc.,* v. *Huffman* (1892), 134 Ind. 1; *Drake* v. *State* (1896), 145 Ind. 210, 217; *Miller* v. *Evansville, etc., R. Co.* (1896), 143 Ind. 570; *Prather* v. *Prather* (1894), 139 Ind. 570.

Final judgment, the date when rendered, motions for a new trial and in arrest of judgment, and the rulings

3.    thereon and the exceptions thereto, are a part of the record without a bill of exceptions and cannot be brought into the record by a bill of exceptions. *Wilson* v. *State* (1901), 156 Ind. 631, 635, 636, and authorities cited; *Harris* v. *State* (1900), 155 Ind. 15; *Wurfel* v. *State* (1906), 167 Ind. 160; 3 Ency. Pl. and Pr., 404-406.    It is evident that under the authorities cited final judgments, motions for a new trial and in arrest of judgment, and the exceptions thereto and the dates thereof, and all other matters which are a part of the record without a bill of exceptions, can only be shown by being copied into the transcript and duly certified by the clerk as a part of the record proper without a bill of exceptions.

It follows that to determine the date when final judgment was rendered and time given within which to file bills of exceptions we must look to the record proper
4.    which must control and not to the bills of exceptions.    This date, as we have shown, was June 25, 1904.

The record proper discloses that the bills of exceptions were filed on September 24, 1904, one day after the termination of the ninety days allowed, but the bills
5.    of exceptions show by recitals therein that they were presented to the judge for his signature, one on September 22, and two on September 23, and that each was signed on the day presented, which was within the ninety days allowed by the court.    It has been uniformly held by this court since the taking effect on September 19, 1881, of §641 Burns 1901, §629 R. S. 1881 and Horner 1901, that if the bill of exceptions is presented to the judge for his signature within the time allowed, and the date of presentation is shown in the bill of exceptions, such bill of exceptions is in the record, although it is signed and filed after the expiration of the time allowed.    Ewbank's Manual, §§31, 32; *McCoy* v. *Able* (1892), 131 Ind. 417; *Wysor* v. *Johnson* (1892), 130 Ind. 270.

It follows that as said bills of exceptions were presented to the judge for his signature within the ninety days allowed from June 25, 1904, they are a part of the record, although filed after the expiration of the time allowed by the court, and must be considered in determining the questions presented by the error assigned.

The causes assigned for a new trial and not waived are: "(1) The verdict of the jury is not sustained by sufficient evidence. (2) Misconduct of one of the counsel for appellee in his closing argument. (3) Admission of certain testimony, over the objection of appellant [which is set forth in the motion for a new trial]. (4) The damages assessed are excessive."

The theory of the complaint, as set forth in both paragraphs, was that the relation of passenger and carrier existed between appellee's decedent and appellant at the time he received the injury which caused his death, and that the same was caused by the negligence of appellant. The first paragraph alleged that appellee's decedent was, at the time of his injury, a postal clerk in the service of the United States, and was in that character being carried on appellant's train under a contract between the United States and appellant, by the terms of which appellant agreed to carry the mails and postal clerks in charge of them for a consideration paid by the government.

The second paragraph alleged generally that the decedent was a passenger for hire at the time of his injury.

Appellant insists that the evidence was not sufficient to sustain the verdict as to the first paragraph of complaint, because there was no evidence of any such contract as that alleged, and that the evidence was not sufficient to sustain the verdict as to the second paragraph because there was no evidence "that the decedent paid or intended to pay his fare, or that he had been received and accepted by appel-

lant as a passenger, or that the relation of passenger and carrier had otherwise been created."

A statute of the United States (17 Stat. [U. S.], p. 309, §213, 2 U. S. Comp. Stat., p. 2719, §4000) makes it the duty of railroad companies carrying mail to "carry on any train which may run over its road and without extra charge therefor all mailable matter directed to be carried thereon, with the person in charge of the same." The greater weight of authority is to the effect that railroads owe the same degree of care to postal clerks and mail agents riding in the postal car in charge of the mail as they do to passengers riding upon the train. *Ohio, etc., R. Co.* v. *Voight* (1890), 122 Ind. 288; *Cleveland, etc., R. Co.* v. *Ketcham* (1893), 133 Ind. 346, 350-354, 19 L. R. A. 339, 36 Am. St. 550; *Seybolt* v. *New York, etc., R. Co.* (1884), 95 N. Y. 562, 47 Am. Rep. 75; *Gleeson* v. *Virginia, etc., R. Co.* (1891), 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458; *Magoffin* v. *Missouri Pac. R. Co.* (1890), 102 Mo. 540, 15 S. W. 76, 22 Am. St. 798; *Gulf, etc., R. Co.* v. *Wilson* (1891), 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486 and note, 23 Am. St. 345; *Southern Pac. R. Co.* v. *Cavin* (1906), 144 Fed. 348, 75 C. C. A. 350; *Chamberlain* v. *Pierson* (1898), 87 Fed. 420, 31 C. C. A. 157; 3 Thompson, Negligence (2d ed.), §2649, and cases cited.

It was clearly shown by the evidence that appellant was engaged in carrying the United States mails on its trains under some arrangement with the federal government, and that the decedent was a postal clerk in the service of the United States in charge of such mail on appellant's train, and was being carried as a postal clerk on appellant's train at the time he received the injury which caused his death, the same being caused by a "head-end collision of two of appellant's trains on appellant's railroad." He had been traveling as such postal clerk on appellant's road for several years before his injury.

Under the authorities cited, said evidence clearly shows that appellant owed to appellant's decedent, while riding in

the postal car as a postal clerk on its train at the time of his injury, the same duty it owed a passenger riding on the train; that the relation of passenger and carrier existed between them. It follows that said objections to the sufficiency of the evidence are not tenable.

In the closing argument made by one of the counsel for appellee, he made a certain statement to the jury to which counsel for appellant "took exceptions, and moved 8. that the court discharge the jury and set aside the submission of said cause." Before the court ruled on said motion said counsel for appellee withdrew the statement to which appellant had objected, and asked the jury not to consider it. The court thereupon said that "counsel must not go outside the record," and instructed "the jury that they must not consider the statement made by counsel outside the record and must give no weight to anything said by counsel unless it was supported by the evidence, but, in making up their verdict in the case, they should be governed solely by the facts proved, and overruled said motion of appellant" to discharge the jury and withdraw the submission of said cause. No exception was reserved to this ruling by appellant. The exception must be to some ruling of the court and not to the conduct of the attorney. *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 623, 624; *Coppenhaver* v. *State* (1903), 160 Ind. 540, 548; *Robb* v. *State* (1896), 144 Ind. 569, 571, 572.

The failure of appellant to except to the action of the court in overruling said motion was a waiver of any right to challenge the correctness thereof. Elliott, App. Proc., §783, p. 742.

Even if such exception had been taken, we think appellant has no just cause to complain, as the court without delay admonished the jury not to consider said 9. objectionable statement. This was all appellant was entitled to ask. *Southern Ind. R. Co.* v. *Fine, supra,* and cases cited.

Appellee proved without objection that the decedent had entered the mail service as a postal clerk, at an annual salary of less than $800, and had been promoted under the civil service rules until he had reached a grade where his salary was $1,000 per annum. Mr. Ball, a chief clerk in the railway mail service, testified on behalf of appellee that on October 14, 1904, the day before the collision in which the decedent was killed, decedent had been assigned temporarily to fill a vacancy created by an old clerk who wanted a lighter run, and who was willing to receive a reduction in salary in order to get it. This temporary appointment would have taken effect November 21, 1904, if appellee had lived. His salary would have been the same in this temporary assignment as it was in the position he already had. It carried no increase of salary. Counsel for appellant objected to the evidence as to the date said assignment would take effect, and what his salary would have been under such assignment, on the ground that it is "speculative, prospective, and refers to something in the future; it would not tend to prove that the decedent, Mr. Hermsen, could have filled the position if there was a vacancy; it is simply a matter that was operating in the minds of the witnesses and other officers, and it refers to something to take place after his death; and the amount of his salary under such assignment does not tend to prove the nature of his service or the measure of damages in this case." These objections were overruled, and appellee was permitted to prove by said witness that said assignment would have taken effect on November 21, 1904, and that it carried no increase of salary. We think the evidence was properly admitted. The assignment was made and signed before the collision in which the decedent was injured, and it did not simply rest in the minds of the witness and other officers, but was an act done. There being no increase in salary, it could not affect the amount

of damages. It is evident that this evidence, even if erroneously admitted, did not harm appellant.

It was assigned as the twenty-third cause for a new trial, that the court erred in permitting a witness for appellee to answer a question, which is set forth in the motion for a new trial, over the objection and exception of appellant. The objection stated by appellant to the question was that "it is incompetent, irrelevant, and immaterial, and does not tend to prove any issue in the case."

The twenty-sixth cause for a new trial was on the ground that the court erred in admitting certain evidence over appellant's objection. The objection stated by appellant was that "it is not applicable to any issue in the case and does not tend to prove the earning capacity of the decedent in this case." It is well settled that said grounds of objection stated in the court below were too indefinite, uncertain, and general to present any question. *Hicks* v. *State* (1905), 165 Ind. 440, and cases cited; *Musser* v. *State* (1901), 157 Ind. 423, 430, 431, and authorities cited; *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 200, 201, 3 Am. St. 638. Moreover the objections made in the court below to the admission of the evidence set forth in the twenty-third and twenty-sixth causes for a new trial are not urged in this court, but a different objection is made.

It is settled that only the specific objections to the admission of evidence stated to the trial court are available on appeal, for the reason that objections not made in the court below will not be considered on appeal. *Musser* v. *State, supra,* and cases cited; *Ohio, etc., R. Co.* v. *Walker, supra.*

Courts on appeal will not disturb a verdict on the ground of excessive damages, unless the damages are so excessive

as to indicate that the jury acted from prejudice, partiality or corruption. *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181, 196, and cases cited; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 566; Woollen, Trial Proc., §§4409, 4411.

Under this rule, we cannot say the damages are excessive. Judgment affirmed.