## AMOS v. AMERICAN TRUST COMPANY.

[No. 12,194.  Filed January 8, 1926.  Rehearing denied February 17, 1926.  Transfer denied April 1, 1926.]

1.  BANKS AND BANKING.—*Finding that depositor deposited a specific sum, for which he received certificate of deposit, not finding that he was entitled to credit for amount deposited.*— In a suit by a depositor against a bank for an accounting, a finding that, on a specific date, he deposited a certain amount, for which he received a certificate of deposit, did not amount to a finding that the bank was indebted to him in that amount, as he might have received the amount thereof in cash on the return of the certificate.  p. 339.

2.  TRIAL.—*Finding that depositor had received full value for a certificate of deposit on surrender thereof held finding of fact sufficient to sustain conclusion of law.*—In a suit by a depositor against a bank for an accounting, a finding that the depositor "received the full value" of a certificate of deposit, on the return thereof to the bank, is a finding of fact and not a conclusion, and, therefore, is sufficient to sustain a conclusion of law that the depositor was not entitled to recover on the certificate. p. 341.

3.  BANKS AND BANKING.—*Finding that depositor was given credit for proceeds of notes discounted by bank not overcome by another finding which failed to show deposits for identical amounts on same dates.*—In a suit by a depositor against a bank for an accounting, a finding that the depositor was given credit for the proceeds of certain notes discounted by the bank was not overcome by another finding covering the same period

of time which did not show deposit of identical amounts on dates when notes were discounted.   p. 341.

4.  BANKS AND BANKING.—*Findings held to show that entire amount deposited in checking account had been drawn out.*—In a suit by a depositor against a bank for an accounting, findings *held* sufficient to show that entire amount deposited in his checking account had been drawn out, although there was no specific finding that his checks drawn on that account were ever paid.   p. 342.

From Howard Circuit Court; *Albert Ward*, Special Judge.

Suit by Carl Amos against the American Trust Company.   From a judgment for plaintiff for an unsatisfactory amount, he appeals.   *Affirmed.*   By the court in banc.

*W. E. Henderson*, for appellant.

*Wolf & Barnes* and *Overson & Manning*, for appellee.

McMAHAN, J.—Complaint by appellant, a depositor of appellee, for an accounting.   Appellee filed an answer by way of denial, payment, and set off.   The facts were found specially and in substance are as follows:

Appellant opened a checking account with appellee August 24, 1917.   Between that date and May 28, 1921, appellee issued to appellant two pass-books in which were entered a large number of deposits subject to check and aggregating many thousands of dollars.   Appellee also kept a record of the deposits and withdrawals made by appellant in its ledger account.   This record corresponded with the pass-books except that in the ledger account there appeared a deposit to the credit of appellant under the date of September 26, 1919, of $1,397.72, that is not shown in either of the two pass-books.   An erasure appears in one of the pass-books following a deposit made September 22, 1919, such erasure appearing in the date and amount of the deposit, but it is not possible to find what such erasure was, and

there is no evidence to show why or by whom such erasure was made. During the period in which such deposits were made, checks were drawn by appellant on appellee aggregating the total entered in appellant's pass-books and in said ledger account, and appellant received proper credit for all money deposited to his checking account. February 7, 1918, appellee partially prepared a certificate of deposit payable to appellant for $400. This certificate was never completed, was never delivered to appellant, always remained in appellee's possession, was never indorsed by appellant but was stamped paid February 7, 1918, by appellee, and was "cancelled," and preserved as a part of its records. Appellant gave no consideration and deposited no funds with appellee for the purpose of having such certificate issued but he did on said day deposit $400 in his checking account. February 16, 1918, appellant deposited $500, receiving a certificate therefor. February 23, 1918, appellant surrendered this certificate bearing his indorsement to appellee and appellee paid appellant the full amount thereof. November 26, 1918, appellant deposited with appellee $334, receiving a certificate for said amount. This certificate was surrendered by appellant to appellee without indorsement November 29, 1918, and was marked paid and cancelled. The record of appellee shows that this certificate was cancelled November 29, 1918, on which day appellant deposited with appellee $1,000, which, with said certificate for $334, made a total amount deposited of $1,334, for which appellee issued to appellant a certificate of deposit dated November 29, 1918, and calling for $1,334. This certificate was surrendered by appellant without indorsement December 5, 1918, and marked paid and cancelled, although the record kept by appellee shows it was paid December 6, 1918. On the surrender of his certificate, appellee paid appellant $220 and issued to him a certif-

icate of deposit for $1,114. Appellant surrendered this last certificate of deposit without indorsement to appellee and the same was marked paid and cancelled December 11, 1918. On the surrender of this last certificate, appellee paid appellant $250 cash and on the same day issued to him a certificate for $864, this certificate being also surrendered by appellant to appellee without indorsement December 20, 1918, at which time the amount thereof, plus sixty-five cents accrued interest, was credited to appellant's checking account. April 5, 1919, appellant deposited with appellee $400 and received a certificate of deposit, which, after being indorsed by appellant, was surrendered to appellee April 10, 1919, at which time he received $100 in cash and a new certificate for $300. This last certificate bearing appellant's indorsement was surrendered to appellee, at which time appellee issued to appellant a certificate for $650, this certificate was indorsed by appellant and surrendered by him April 23, 1919, at which time he received full value therefor. April 24, 1919, appellee issued to appellant a certificate for $200 which certificate appellant indorsed and surrendered to appellee and the same was marked paid and cancelled by appellee. April 18, 1919, appellee issued to appellant a certificate of deposit for $1,000 which certificate was thereafter surrendered by appellant to appellee and marked paid, although not indorsed by appellant. Appellant received full consideration for such certificate when he surrendered it to appellee and received in lieu thereof a certificate for $1,200, he having paid to appellee at that time $200 in cash. Said certificate being thereafter indorsed by appellant was by him delivered to appellee and marked paid, and appellant received the full consideration for said last certificate. April 25, 1919, appellee issued to appellant a certificate of deposit for

$1,300 which certificate being indorsed by appellant and another was surrendered to appellee and was fully paid. June 4, 1919, appellant deposited with appellee $1,500 and received a certificate of deposit. This certificate was afterwards surrendered by appellant to appellee without indorsement and appellant received from appellee full value therefor. This certificate was found among the certificates issued by appellee to appellant in the possession of appellee, stamped as follows: "Paid June (date illegible), 1919. American Trust Co., Kokomo, Indiana." The record of the bank shows this certificate to have been paid June 6, 1919.

Many other deposits are found to have been made by appellant for which appellee issued certificates of deposit, all of which are found to have been surrendered and delivered to appellee and for each of which appellee paid full value. Since no question is raised concerning these certificates, the facts in relation thereto as found by the court are omitted. All of the certificates hereinbefore referred to, since the time when they were surrendered to appellee, have remained in appellee's possession, and at no time subsequent to their surrender to appellee have any of them been in the possession of appellant. In findings Nos. 30 to 59, the court finds that appellant on numerous occasions borrowed certain sums of money from appellee for which he gave his notes and deposited as collateral security certain promissory notes held by him. Many of the said notes given by appellant are found to have been renewed from time to time, partial payments made thereon, and payments made on the collateral notes, but credited upon the several notes. In finding No. 60, it is found that, in addition to the notes collected by appellee and applied upon the principal notes hereinbefore referred to, appellee discounted a large number of notes for appellant as set out in the finding. That the proceeds of each of said

notes so discounted were credited to appellant in his checking account and that he received full value therefor. On April 15, 1919, appellant deposited with appellee a check for $165 for collection, that the full amount of said check was paid to appellee but appellee has never accounted to appellant for the proceeds of said collection. On September 19, 1919, appellant deposited a certain certificate of deposit for $920 with appellee for collection. The full amount thereof was paid to appellee September 23, 1919, but appellee has never accounted to appellant for the proceeds of such collection and has never given him any credit therefor.

It is also found that at various other times appellant cashed at appellee's bank, in the usual course of business, checks and other commercial paper for which he was fully paid by appellee and that appellee never received from appellant, or from any other person for him, any money or property other than theretofore set out in the finding for which appellee had not accounted to appellant except as hereinbefore stated.

Upon these facts, the court concluded as a matter of law that appellant was entitled to recover from appellee $1,272.89, that appellee was entitled to recover from appellant on its set-off $1,172.18, and that appellant should recover from appellee $100.71, that being the difference between the amount due appellant and the amount due appellee and that appellee should surrender to appellant three certain promissory notes. From a decree in accordance with the conclusions of law, appellant appeals and contends that the court erred in each conclusion of law.

The first contention of appellant relates to the certificate of deposit dated June 4, 1919, for $1,500. Appellant calls attention to the fact that the certificate

1. is payable in current funds on its return properly indorsed, and says that there is no finding

that the amount of this certificate was ever paid to him. The facts as they relate to this contention are as follows:. On June 4, 1919, appellant deposited $1,500 and received from appellee the certificate in question. On the next day, appellant, without having indorsed the certificate, surrendered and delivered it to appellee and received from appellee "the full value thereof." This certificate was found in the possession of appellee, among other certificates which had been issued to appellant and was stamped paid. The record kept by appellee showed this certificate had been paid June 6, 1919. In finding No. 7, the court sets out in detail the deposits which had been made by appellant subject to check, together with the amount of each and the date when each deposit was made. From this finding, it appears that in June, 1919, appellant made but two deposits subject to check, these being for $525 and $565, made June 6 and 13. This, appellant says, positively shows that no credit was given him for the $1,500 represented by said certificate of deposit and that said sum is, therefore, still owing him. This conclusion does not necessarily follow. Appellee may, upon the surrender of this certificate, have received the amount thereof in cash. The court expressly finds that on the surrender and delivery of this certificate, appellant received the full value thereof from appellee.

Appellant's main contention is that the statement in the finding that, on the surrender and delivery of the certificate of deposit, he received the full value thereof, is a conclusion of law and is not a finding of an ultimate fact sufficient to show that the certificate was, in fact, paid. We cannot agree with this contention. A finding that a bank was solvent or insolvent and had or had not committed acts of insolvency at a particular time is a finding of fact and not a conclusion of law. *Taylor* v. *Canaday, Rec.* (1900), 155 Ind. 671, 57 N. E.

524, 59 N. E. 20. A finding that money delivered to a child "was an advancement" is a finding of fact. *Whitcomb, Gdn., v. Smith* (1890), 123 Ind. 329, 24 N. E. 109. That a party "executed a deed" is a fact and includes delivery. *Smith v. James* (1892), 131 Ind. 131, 30 N. E. 902. That a "levy continued in force" for a stated time is the statement of a fact. *Scanlin v. Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401. See, also, *Behler v. Ackley* (1909), 173 Ind. 173, 89 N. E. 877.

We hold the statement that appellant received from appellee the full value of the certificate of deposit upon its surrender and delivery is the finding of a fact

2. and is sufficient to sustain a conclusion of law to the effect that appellant was not entitled to recover anything from appellee on account of having issued this certificate to appellant.

What we have said in relation to this certificate disposes of appellant's contentions concerning the other certificates of deposit where the court found appellant had received full value upon their surrender. The fact, if it be a fact, that appellant was given no credit on his pass book for the amounts named in the above certificates does not negative the finding that he received full value therefor.

In finding No. 60, the court, among other things, found that appellant on certain dates discounted certain notes and that the proceeds were credited by ap-

3. pellee to appellant on his checking account and that appellant received full value therefor. Appellant refers to finding No. 7, which shows that on certain dates covering a period of about four years, appellant made numerous deposits on various dates and in different amounts, and contends that this finding does not show the deposit of said amounts, and contends that finding No. 7 conclusively shows that no credit was

given him for said amounts and that appellee still owes him for the proceeds of said notes, the amount thus involved being about $950. The evidence is not in the record so we do not know what it shows as to when said amounts were credited on appellant's pass-books. The evidence may have shown that the said amounts were included with other sums of money which, as shown by finding No. 7, were thereafter credited on appellant's pass-books. The fact that finding No. 7 does not show a deposit of the identical amounts on the dates when the several notes were discounted is not sufficient to overthrow the statement in finding No. 60 that appellant was given credit for said several sums of money.

Appellant also contends that he has not been given credit for a certificate of deposit on a Bluffton bank, calling for $200, which he delivered to appellee as collateral security and which was collected by appellee. Findings Nos. 54 and 59, clearly show that appellant was given credit for the amount of this certificate, and that this contention is without merit.

Appellant also contends that there is no finding that any part of the money deposited by him in his checking account, aggregating over $28,000, was ever

4. paid to him, or that any checks drawn by him on that account were ever paid. This is a strange and preposterous contention, in face of the findings showing that, during a period of about four years, appellant was manufacturing and selling certain stock-food and remedies, and during that period was from time to time borrowing money from appellee and having appellee discount notes for him, the greater part of the funds thus received being deposited in appellee's bank. It is not very probable that it would have been necessary for appellant to have borrowed money from appellee, and to have had appellee discount notes for him, which required the pledging by appellant of divers

notes and at least one certificate of deposit on another bank, if the checks which the court found appellant had drawn on his checking account had not been paid. And we are of the opinion that the facts found clearly show that the entire amount of money deposited by appellant in his checking account was drawn out by him. It is found that in August, 1917, appellant opened a checking account with appellee, which account was closed on appellant's pass-books and on appellee's records in 1921; that appellee kept a record of the deposits and withdrawals of appellant on his checking account; that appellant drew checks on appellee equal in the aggregate to the total of the deposits made by appellant; that such checks were charged by appellee to appellant's checking account and that appellant has received credit for all money so deposited to his checking account. It is also found that appellee cashed checks for appellant and that appellee never received from appellant, or from any other person for the use of appellant, any money or property other than as set out in the finding and for which appellee has not fully accounted to appellant, except as set out in the finding, and for which the court concluded as a matter of law he was entitled to recover from appellee.

Judgment affirmed.