BURCH *v.* STATE OF INDIANA.

[No. 25,699.  Filed October 30, 1929.]

*Armstrong & Lanphar,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—This was a prosecution by the State of Indiana against the appellant based upon an affidavit which charged him with the crime of vehicle taking. He entered a plea of not guilty and was tried by a jury which found him guilty as charged. The judgment was that he be committed to the Indiana State Prison for a period of not less than one year nor more than 10 years and that he be disfranchised and rendered incapable of holding any office of trust or profit for a period of four years, and that he pay the costs.

On appeal, it is assigned as error that the court erred in overruling appellant's motion for a new trial. The Attorney-General contends that the appellant has not presented any question to this court for consideration by that motion.

No ruling on the motion for a new trial or defendant's exception thereto appears in the record proper, but such a ruling and exception are shown in a special bill of exceptions. A motion for a new trial, the ruling of the court thereon, and the exception taken thereto are a part of the record without a bill of exceptions. *Hill* v. *Newman* (1874), 47 Ind. 187; *Nichol* v. *Thomas* (1876), 53 Ind. 42; *Smith* v. *James* (1892), 131 Ind. 131, 30 N. E. 902; *Wilson* v. *State* (1901), 156 Ind. 631, 59 N. E. 380, 60 N. E. 1086; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879. Matters that are a part of the record without a bill of

exceptions cannot be brought into the record by a bill of exceptions. *Home, etc., Power Co.* v. *Globe, etc., Co.* (1897), 146 Ind. 673, 45 N. E. 1108; *Harris* v. *State* (1900), 155 Ind. 15, 56 N. E. 916; *Wilson* v. *State, supra; Cooney* v. *American, etc., Ins. Co.* (1903), 161 Ind. 193, 67 N. E. 989; *Wurfel* v. *State* (1906), 167 Ind. 160, 78 N. E. 635; *Wurfel* v. *State* (1906), 167 Ind. 191, 78 N. E. 667; *Malott* v. *Central Trust Co., supra;* 3 Ency Pl. & Pr. 404-406. In Ewbank, Indiana Criminal Law (2d ed.) §672, it is said: "The motion for a new trial, and the ruling of the court thereon and exceptions thereto, with the record entries relating to its filing, are parts of the record without a bill of exceptions, and if copied into the bill of exceptions but not certified as part of the original record must be disregarded on appeal."

It is evident from the authorities cited herein that there is no ruling on the motion for a new trial, and no exception to such ruling, upon which error can be predicated. In the absence from the record proper of the ruling on the motion for a new trial and exception thereto, no question concerning the motion for a new trial is presented for consideration.

No error being shown, the judgment is affirmed.